# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
|  | * |  |
|  | * |  |
| THE ESTATE OF | * |  |
| ANDREA S. PARHAMOVICH, *et al.,* | * |  |
|  | * |  |
| Plaintiffs, | * |  |
|  | * |  |
|  | * |  |
| v. | * | **Case No. 1:17-CV-0061(KBJ)** |
|  | * |  |
| THE ISLAMIC REPUBLIC OF IRAN, | * |  |
| *et al.* | * |  |
|  | * |  |
|  | * |  |
| Defendants. | * |  |
|  | * |  |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MOTION FOR ORDER PERMITTING PLAINTIFFS
TO PROCEED WITH SERVICE THROUGH DIPLOMATIC CHANNELS**

The Estate of Andrea S. Parhamovich, et al., Plaintiffs, by Counsel, herewith move the Court that

an Order be entered permitting the Plaintiffs to carry out service upon certain of the Defendants,

specifically, The Islamic Republic of Iran, through diplomatic channels, and in support thereof

they state as follows:

1

1. Plaintiffs wrote to the Clerk of the Court requesting that all necessary steps be taken to effect service, pursuant to 28 U.S.C. §1608 (a)(4), on the defendants on July 19, 2017. (See Docket Entry 7)

2. Plaintiffs included with that request all the service documents required pursuant to 28 U.S.C. §1608(a)(4) and 22 C.F.R. §93.2.

3. Pursuant to Plaintiffs' request, the Clerk of the Court dispatched the aforementioned service documents to the U.S. Department of State, on September 24, 2017. (See Docket Entry 8)

4. Service of process in actions against a foreign state pursuant to the "state-sponsored terrorism" exception in the Foreign Sovereign Immunities Act, is governed by 28 U.S.C. § 1608(a). Fed. R. Civ. P. 4(j)(1).

5. Iran and Syria are the foreign states in this case. However, this Motion applies to Iran only.

6. The applicable provision "prescribes four methods of service, in descending order of preference. Plaintiffs must attempt service by the first method **(or determine that it is unavailable)** before proceeding to the second method, and so on." *Ben –Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 52 (D.D.C. 2008).

7.  Plaintiffs sought service under 28 U.S.C. §1608(a)(4) without attempting service using the methods detailed in 28 U.S.C. §§1608(a)(1), (2) or (3) first, as each of those methods are inapplicable or are otherwise unavailable.

8.  Service cannot be made under 28 U.S.C. §1608(a)(1) because no special arrangement for service exists between the plaintiffs and defendants.

9.  Nor can service be made pursuant to an applicable convention on service of judicial documents under 28 U.S.C. §1608(a)(2), because the United States has no treaty relations with the Islamic Republic of Iran that provide for service of process in civil matters.

10. Plaintiffs have made no attempt to serve the defendants using procedures employed in 28 U.S.C. §1608 (a)(3), as they relied entirely and in good faith upon the procedure outlined by this Court's Attorney Manual for Service of Process on a Foreign Defendant (April 2009) at 4 and (March 2016) at 7.  (See Exhibit A, at 7, excerpt of Attorney Manual (2016))

11. As expressly stated in the 2016 Attorney Manual, at 7:

> "A Special Note:  The countries of **Iran** and Iraq have not objected to service by mail.  However, many attempts at service by mail or courier are unsuccessful. Therefore, it is okay for an attorney to request service directly through diplomatic

channels (28 U.S.C. §1608 (a)(4)) without attempting service under any other provisions first."

12. Moreover, Plaintiffs are not aware of even one instance in which direct service via mail or courier by individual Plaintiffs upon Iran was ever successful, from the passage of 28 U.S.C. §1605 (a)(7) note, (the enabling statute and precursor to 28 U.S.C. §1605A) to the present day. Simply stated, direct service by individual Plaintiffs upon Iran is futile.

13. Nevertheless, the Department of State wrote to Plaintiffs' counsel on December 12, 2017, rejecting Plaintiffs' request for service by diplomatic channels under 28 U.S.C. (a)(4). (See Exhibit B, Letter from United States Department of State, dated December 12, 2017)

14. In the letter, Jared Hess, Attorney Adviser in the Department of State's Office of Legal Affairs, Overseas Citizens Services, holds open the prospect of immediate service by diplomatic channels if so ordered by the Court:

> "While our experience has been that attempts at service of a summons and complaint on the Islamic Republic of Iran by mail or courier pursuant to Section 1608(a)(3) are unsuccessful, we cannot rely on the attorney manual as an authority that Section 1608(a)(3) is inapplicable in the instant case. **If the court has directed service pursuant to 1608(a)(4), please provide a copy.**"

15. Plaintiffs therefore respectfully request leave of Court to carry out service upon Defendant the Islamic Republic of Iran in accordance with the provisions of 28 U.S.C. §1608 (a)(4) by service through diplomatic channels.

16. WHEREFORE, Plaintiffs pray that the motion be granted and that an Order be entered permitting the Plaintiffs to serve Defendant The Islamic Republic of Iran through diplomatic channels.

Dated: December 19, 2017

Respectfully Submitted,

Joshua M. Ambush (Bar No. MD27025)
Law Offices of Joshua M. Ambush, LLC
1726 Reisterstown Road
Suite 206
Baltimore, Maryland 21208
Phone: (410) 484-2070
Fax: (410) 484-9330
Email: joshua@ambushlaw.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2017, I caused the foregoing MOTION FOR ORDER

PERMITTING PLAINTIFFS TO PROCEED WITH SERVICE THROUGH DIPLOMATIC

CHANNELS to be electronically filed with the Clerk of the Court for the United States District

Court for the District of Columbia using the CM/ECF system.  Participants in the case who are

registered CM/ECF users will be served by the CM/ECF system.

_____

Joshua M. Ambush (Bar No. MD27025)
Law Offices of Joshua M. Ambush, LLC
1726 Reisterstown Road
Suite 206
Baltimore, Maryland 21208
Phone: (410) 484-2070
Fax: (410) 484-9330
Email: joshua@ambushlaw.com

6