# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA



# ATTORNEY MANUAL FOR SERVICE OF PROCESS ON A FOREIGN DEFENDANT

**(Pursuant to FRCP 4 and the Foreign Sovereign Immunities Act)**

(Revised: March 2016)



**EXHIBIT**

A

# TABLE OF CONTENTS

<u>Section</u>                                                                                         <u>Page</u>
I.      **Introduction**
      A.      Purpose                                                                          3
      B.      Background Information                                                   3

II.     **Procedures for Service of Process Under FRCP 4(f)(2)(C)(ii)**
      A.      Docket the Affidavit Requesting Foreign Mailing                 9
      B.      Submit Documents to the Clerk's Office                          10
      C.      Mail Packages                                                          10
      D.      Return Receipt for Registered Mail to the Clerk's Office        11

III.    **Procedures for Service Under 28 U.S.C. § 1608(a)(3)**
      A. ·    Docket the Affidavit Requesting Foreign Mailing                12
      B.      Submit Documents to the Clerk's Office                          13
      C.      Mail Packages                                                          13
      D.      Return Receipt for Registered Mail to the Clerk's Office        14

IV.     **Procedures for Service Under 28 U.S.C. § 1608(a)(4)**
      A.      Docket the Request for Process via the U.S. Department of State   15
      B.      Submit Documents to the Clerk's Office                          15
      C.      Mail Packages                                                          16
      D.      Return Certified Mail Receipt to the Clerk's Office             16

V.      **Procedures for Service Under 28 U.S.C. § 1608(b)(3)(B)**
      A.      Docket the Affidavit Requesting Foreign Mailing                17
      B.      Submit Documents to the Clerk's Office                          17
      C.      Mail Packages                                                          18
      D.      Return Receipt for Registered Mail to the Clerk's Office        18

VI.     **Returns of Service**
      A.      Return of Service Executed                                      19
      B.      Return of Service Unexecuted                                    19

VII.    **Other Documents Served on Foreign Defendants**
      A.      Defaults                                                               20
      B.      Judgments/Default Judgments                                     20
      C.      Orders                                                                 20

VIII.   **List of Attachments**                                                          21

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

# INFORMATION AND INSTRUCTIONS FOR
# SERVICE OF PROCESS ON A FOREIGN DEFENDANT

## I.    INTRODUCTION

### A.    PURPOSE:

1.    The purpose of this manual is to document the procedures for attempting service of the summons and complaint upon:

a.    an **individual in a foreign state**, pursuant to Rule 4(f)(2)(C)(ii) of the Federal Rules of Civil Procedure (FRCP); or

b.    a **foreign state or a political subdivision of a foreign state**, pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(3); or

c.    a **foreign state or a political subdivision of a foreign state** through diplomatic channels via the U.S. Department of State, pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(4); or

d.    an **agency or instrumentality of a foreign state**, pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(b)(3)(B).

### B.    BACKGROUND INFORMATION**:

1.    FRCP 4(f)(2)(C)(ii) - Service upon an **individual in a foreign state**:

a.    Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or incompetent person, may be effected in a place not within any judicial district or the U.S., by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court **to the party to be served**.

2.    FRCP 4(j)(1) - Service upon **foreign governments**:

a.    Service upon a foreign state or a political subdivision, agency, or instrumentality thereof shall be effected pursuant to 28 U.S.C. § 1608.

---

**This information was compiled by the Clerk's Office with help from the U.S. Department of State and other resources. If there is any question as to the validity of this information, the attorney is advised to rely on their own knowledge and/or translation of the law.

-3-

3.  FRCP 12(a)(1) - Answer deadline for an **individual in a foreign state**:

    a.  Unless a different time is prescribed in a Statute of the United States, a defendant shall serve an answer within **20 days** after being served with the summons and complaint; or if service of the summons has been timely waived under FRCP 4(d), within 90 days after the date when the request for waiver was sent if the defendant was addressed outside any judicial district of the United States.

4.  28 U.S.C. § 1608(a)(3) - Service upon a **foreign state or political subdivision**:

    a.  If service cannot be made under 28 U.S.C. § 1608(a)(1) or (a)(2), service is effected by sending a copy of the summons, complaint, and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court **to the head of the ministry of foreign affairs**.

5.  28 U.S.C. § 1608(a)(4) - Service upon **a foreign state, or political subdivision of a foreign state** through diplomatic channels **via the U.S. Department of State**:

    a.  If service cannot be made within thirty (30) days under 28 U.S.C. § 1608(a)(3), service is effected by sending two (2) copies of the summons, complaint, and notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court **to the Director of Overseas Citizens Services, U.S. Department of State**.

    b.  As of July 2010, the Department of State charges the plaintiff $2,275.00 for this service. The Clerk's Office does not have to worry about the payment ourselves, but we should be aware of this information to pass along to attorneys when necessary.

6.  28 U.S.C. § 1608(b)(3)(B) - Service upon an **agency or instrumentality of a foreign state**:

    a.  If service cannot be made under 28 U.S.C. § 1608(b)(1) or (b)(2), and if reasonably calculated to give actual notice, service is effected by sending a copy of the summons and complaint, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court **to the agency or instrumentality to be served**.

7.  28 U.S.C. § 1608(b)(3)© - Other means of service:

    a.  Under this statute, service can be effected as directed by order of the court consistent with the law of the place where service is to be made.

8.  28 U.S.C. § 1608(c)(1) and (c)(2) - Date of service:

    a.  In the case of service under 28 U.S.C. § 1608(a)(4), service is deemed to have been made as of the date of transmittal indicated in the certified copy of the diplomatic note.

b.      In any other case under 28 U.S.C. § 1608, service is deemed to have been made as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

9.      28 U.S.C. § 1608(d) - Answer deadline for **a foreign state or political subdivision thereof, or an agency or instrumentality of a foreign state**

a.      In any action brought in a court of the United States or of a State, **a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state** shall serve an answer or other responsive pleading to the complaint within **sixty (60) days** after service has been made under this section.

10.     28 U.S.C. § 1608(e) - Default Judgment:

a.      No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to a foreign state or political subdivision in the manner prescribed for service under 28 U.S.C. § 1608.

11.     The Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters:

a.      The Hague Convention on Service Abroad sets out the means by which judicial or extrajudicial documents are to be transmitted abroad in order to be served. The Convention only applies as between States Parties (see Section 11.b. below) and has three fundamental objectives: *(Source: www.hcch.net)*

(1)     To simplify the method of transmission of documents to be served from the country of origin to the country of destination;
(2)     To establish a system which insures, in so far as possible, that a recipient is given actual notice of the document served in sufficient time to enable him or her to arrange for a defense; and
(3)     To assist in proving that service was validly effected in the country of destination, by means of the certificates contained in a standard form.

b.      As of January 1, 2006, the following 52 States were parties to this Convention: Antigua and Barbuda, Argentina, Bahamas, Barbados, Belarus, Belgium, Botswana, Bulgaria, Canada, China (principal territory), China - Special Administrative Regions of Hong Kong and Macao, Cyprus, Czech Republic, Denmark, Egypt, Estonia, Finland, France, Germany, Greece, Hungary, Ireland, Israel, Italy, Japan, Republic of Korea, Kuwait, Latvia, Lithuania, Luxembourg, Malawi, Mexico, Netherlands, Norway, Pakistan, Poland, Portugal, Romania, Russian Federation, Saint Vincent and the Grenadines, San Marino, Seychelles, Slovakia, Slovenia, Spain, Sri Lanka, Sweden, Switzerland, Turkey, Ukraine, United Kingdom, USA, and Venezuela. *(Source: www.hcch.net)*

c.      If a foreign state which is a party to the Hague Convention formally objected to service by mail when it acceded to the Convention, **service under Section 1608(a)(3) should**

**not be attempted**. The plaintiff should proceed to service under Section 1608(a)(4), citing in the cover letter to the Department of State (Office of Overseas Citizens Services) the foreign state's objection to service by mail as noted in its accession to the Hague Service Convention. (See Section 11.e., page 4). *(Source: www.travel.state.gov)*

d.    For the purposes of definition, service by mail refers to both that of the U.S. Postal Service (i.e. registered mail) and private courier services (i.e. DHL).

e.    The following is a list of countries that objected to service by mail upon accession to the Hague Convention: *(Source: www.hcch.net)*
(1)    Argentina
(2)    Bulgaria
(3)    China (People's Republic of)
(4)    Czech Republic
(5)    Egypt
(6)    Germany
(7)    Greece
(8)    Hungary
(9)    Japan*
(10)   South Korea**
(11)   Kuwait
(12)   Lithuania
(13)   Mexico
(14)   Norway
(15)   Poland
(16)   Russian Federation
(17)   San Marino
(18)   Seychelles
(19)   Slovak Republic
(20)   Sri Lanka
(21)   Switzerland
(22)   Turkey
(23)   Ukraine
(24)   Venezuela

\*    Japan did not object to the provisions of Article 10(a) of the Convention on accession. However, subsequently, Japan provided a clarification of its position on the subject. While Japan does not formally object to service by postal channels, it may not recognize the method of service when enforcement of a foreign (U.S.) judgment is attempted. *(Source: U.S. Department of State's 7 FAM 950, Service of Process Abroad)*

\*\*    Only South Korea is a party to the Convention and has objected to service by mail. North Korea is not a party to the Convention and we therefore have no indication that they object to service by mail. Mail service should not be attempted on the North Korean Mission to the United Nations (the service provisions of the FSIA do not provide for mail service on diplomatic missions in the U.S.). In addition, the diplomatic channel (28 U.S.C. § 1608(a)(4)) is not available for service on North Korea.

f.  **A Special Note:** The countries of **Iran** and **Iraq** have not objected to service by mail. However, many attempts at service by mail or courier are unsuccessful. Therefore, it is okay for an attorney to request service directly through diplomatic channels (28 U.S.C. § 1608(a)(4)) without attempting service under any other provisions first.

g.  For the most up-to-date information, please see the following internet links:

  a.  U.S. Department of State's Foreign Affairs Manual (7 FAM 950 Service of Process Abroad):
      http://foia.state.gov/regs/fams.asp?level=2&id=8&fam=0
  b.  U.S. Department of State's Judicial Assistance; Service of Process Abroad:
      http://travel.state.gov/law/info/judicial/judicial_2513.html
  c.  Hague Conference on Private International Law:
      http://www.hcch.net/index_en.php?act=conventions.status&cid=17

12.  U.S. Department of State, Overseas Citizens Services, Office of Policy Review and Interagency Liaison:

  a.  The U.S. Department of State, Overseas Citizens Services (formerly Special Consular Services), Office of Policy Review and Interagency Liaison is responsible for service under the Foreign Sovereign Immunities Act (FSIA) via the diplomatic channel in accordance with 28 U.S.C. § 1608(a)(4) and implementing regulations. *(Source: www.travel.state.gov)*

  b.  The defendant to be served by the Department of State must be a **foreign state or political subdivision only,** as defined in Section 1603 of the FSIA **(Attachment D),** not an agency or instrumentality of a foreign state (which is to be served under Section 1608(b) of the FSIA). The Department of State does not serve **natural persons** under the FSIA. *(Source: www.travel.state.gov)*

  c.  The FSIA allows for service under Section 1608(a)(4) **only after 30 days have passed** since service was attempted under Section 1608(a)(3). The U.S. Postal Service and private courier services can deliver documents to virtually any location. Plaintiffs should attempt service under Section 1608(a)(3) unless a foreign state has specifically objected to service by mail. (See Section 9.e., page 4). *(Source: www.travel.state.gov)*

13.  Foreign Sovereign Immunities Act of 1976:

  a.  The Foreign Sovereign Immunities Act of 1976 (FSIA) limits the role of the Executive branch in suits against foreign governments and governmental entities by precluding the Department of State from making decisions on state immunity. Under the U.S. legal system, the scope of a foreign state's immunity is determined by judicial, rather than executive, authorities. A party to a lawsuit, including a foreign state or its agency or instrumentality, is required to present defenses such as sovereign immunity directly to the court in which the case is pending. The immunity of a State from the jurisdiction of courts from another State is an undisputed principle of customary international law. However, there are general exceptions to the jurisdictional immunity of a foreign state. *(Source: www.travel.state.gov)*

-7-

14.  Service Hierarchy:

   a.  The FSIA, 28 U.S.C. § 1608(a)(1)-(4) provides for service of process on foreign state defendants in a four-step, hierarchical manner: *(Source: www.travel.state.gov)*
      (1)  pursuant to a special agreement between the plaintiff and the foreign state (28 U.S.C. § 1608(a)(1));
      (2)  as prescribed in an applicable international agreement (28 U.S.C. § 1608(a)(2));
      (3)  via mail from the court clerk to the head of the foreign state's Ministry of Foreign Affairs (28 U.S.C. § 1608(a)(3));
      (4)  via the diplomatic channel (28 U.S.C. § 1608(a)(4)).

   b.  Service must be performed in a hierarchical manner – if service cannot be made in accordance with Section 1608(a)(1), then service is attempted pursuant to Section 1608(a)(2) and so forth until the various methods are exhausted. *(Source: www.travel.state.gov)*

**Sources:**
1.  Checklist for Plaintiffs-Service of Process Upon a Foreign State. 14 Aug. 2003. U.S. Department of State.
    <http://travel.state.gov/law/info/judicial/judicial_685.html>
2.  Service Provisions of the Foreign Sovereign Immunities Act (FSIA), 28 USC 1608. No date available. U.S. Department of State.
    <http://travel.state.gov/law/info/judicial/judicial_693.html>
3.  7 FAM 950 Service of Process Abroad. 26 Jan. 2006. U.S. Department of State.
    <http://foia.state.gov/regs/fams.asp?level=2&id=8&fam=0>
4.  Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. 3 June 2006.
    <http://www.hcch.net/index_en.php?act=conventions.status&cid=17>
**A Special Note of Thanks To:** William P. Fritzlen, Attorney Advisor, Office of Policy Review and Interagency Liaison, U. S. Department of State, for his wealth of knowledge and willingness to help clarify the extensive background information in this manual.