# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE ESTATE OF           \*
ANDREA S. PARHAMOVICH, *et. al.,*   \*
    Plaintiffs,               \*
                         \*
    v.                    \*            Case No. 1:17-CV-0061 (KBJ)
                         \*
ISLAMIC REPUBLIC         \*
OF IRAN, *et al.,*             \*
                         \*
    Defendants.           \*

**************************************************************************

## PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS IRAN AND SYRIA AND FOR SCHEDULING CONFERENCE

Plaintiffs, through undersigned counsel, pursuant to Fed. R. Civ. P. 55(a) and 28 U.SC. § 1608, respectfully request the entry of default by the Clerk against the following named defendants: the Syrian Arab Republic ("Syria"); and the Islamic Republic of Iran ("Iran").

1. The Complaint in this case was filed on January 11, 2017. (*See* ECF # 1). As detailed in undersigned counsel's attached declaration, service was completed upon Iran on February 25, 2018 and upon Syria on September 20, 2018. (*See* ECF # 18 at 1; ECF # 20 at 1). Iran's Answer to the Complaint was due on April 26, 2018. (*See* ECF # 18). Syria's Answer to the Complaint was due on November 19, 2018. (*See* ECF # 20). Section 1608 (d) of the Foreign Sovereign Immunities Act (28 U.S.C. § 1608(d) requires defendants to have served an answer to the complaint within sixty (60) days of service. To date, Iran and Syria have failed to plead or otherwise defend at any time after they were served with process in the above-captioned case.

2. Therefore, an entry of default must be entered as to both defendants pursuant to Fed. R. Civ. P. 55(a) which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

3. As 28 U.S.C. § 1608(e) requires plaintiffs to "establish[ ] his claim or right to relief by evidence satisfactory to the court" before a default judgment may be entered against a foreign sovereign, plaintiffs also respectfully request a scheduling conference with the Court so that a schedule for *ex parte* briefing and required evidentiary hearing may be set. As an alternative to a scheduling conference, plaintiffs seek leave to submit a written report to the Court and proposed scheduling order pursuant to LCvR 16.3(d).

Dated: January 14, 2019

Respectfully Submitted,

/s/ Joshua M. Ambush_____
Joshua M. Ambush (Bar No. MD 27025)
Law Offices of Joshua M. Ambush, LLC
1726 Reisterstown Road
Suite 206
Baltimore, Maryland 21208
Phone: (410) 484-2070
Facsimile: (410) 484-9330
Email: joshua@ambushlaw.com
*Counsel for Plaintiffs*