**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

THE ESTATE OF               *
ANDREA S. PARHAMOVICH, *et. al.,*  *
    Plaintiffs,              *
                           *
    v.                      *           Case No. 1:17-CV-0061 (KBJ)
                           *
ISLAMIC REPUBLIC         *
OF IRAN, *et al.,*           *
                           *
    Defendants.          *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DECLARATION OF JOSHUA M. AMBUSH, ESQUIRE, IN SUPPORT OF PLAINTIFFS'
REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS IRAN AND SYRIA**

I, **JOSHUA M. AMBUSH, ESQUIRE**, being competent to testify to the facts stated herein, and

pursuant to 28 U.S.C.§1746, hereby declare as follows

1.      I am the attorney of record for the plaintiffs in this matter. All of the matters stated in

this declaration are true and within my personal knowledge.

2.      This is a case brought by family members and the estate of Andrea S. Parhamovich

under Section 1605A of the Foreign Sovereign Immunities Act ("FSIA") against two foreign

sovereign defendants, both designated state sponsors of terrorism, for their material support for the

abduction and extrajudicial killing of Andrea Parhamovich in Iraq on January 17, 2007.

3.      As detailed more fully below, service of process has been accomplished against the

Syrian Arab Republic ("Syria") and the Islamic Republic of Iran ("Iran").

4.      The Complaint in this case was filed on January 11, 2017. (*See* ECF # 1).

5.      The defendants in this case are foreign sovereigns. Consequently, service in this case

must be accomplished under one of the four methods enumerated in 28 U.S.C. § 1608(a), attempting

each one in the order that is listed in the statute.

6.      Service under 28 U.S.C. § 1608(a)(1) and (a)(2) was not possible in this case because

no special arrangement exists between the plaintiffs and either the Islamic Republic of Iran or the

1

Syrian Arab Republic and because the United States has no treaty relations with either the Islamic Republic of Iran or the Syrian Arab Republic that provide for service of process in civil matters.

7. On January 12, 2017 summons was issued electronically as to Iran and Syria. (*See* ECF # 2).

8. On July 19, 2017, plaintiffs filed a request for the Clerk to effect service by certified mail to the U.S Department of State, Director of Overseas Citizens Services, pursuant to 28 U.S.C § 1608(a)(4). (*See* ECF # 7).

9. On July 24, 2017, the Clerk filed a Certificate of Clerk of mailing two copies of the summons, complaint, and notice of suit, together with a translation of each into Farsi, the official language of Iran, on 7/24/2017, by FedEx to the U.S. Department of State, Office of Policy Review and Interagency Liaison Overseas Citizens Services, pursuant to 28 U.S.C. § 1608(a)(4), for the purpose of completing service upon Iran. (*See* ECF # 8).

10. On December 19, 2017, plaintiffs moved the Court for an Order Permitting Plaintiffs to Proceed with Service Through Diplomatic Channels. (*See* ECF No. 9). The Court granted the motion on December 22, 2017. (*See* ECF No. 10).

11. On January 30, 2018 plaintiffs submitted an affidavit requesting foreign mailing of service of process on Syria to the Ministry of Foreign Affairs in Damascus, Syria, pursuant to 28 U.S.C. § 1608(a)(3). (*See* ECF No. 11).

12. On February 6, 2018 plaintiffs requested the Clerk to effect service to the head of the Ministry of Foreign Affairs, pursuant to 28 U.S.C. § 1608(a)(3). (*See* ECF No. 12).

13. On February 6, 2018 the Clerk entered a Certificate of Clerk of mailing the summons and complaint, with a translation into Arabic, the official language of Syria, on February 6, 2018 by DHL, to the Foreign Ministry of Syria, pursuant to 28 U.S.C. § 1608(a)(3). (*See* ECF No. 13).

14.     On February 20, 2018, counsel for plaintiffs were advised by DHL that delivery of the service documents pursuant to 28 U.S.C. § 1608(a)(3) were refused by Syria. (*See* ECF No. 14-1). On February 23, 2018 plaintiffs submitted an affidavit requesting foreign mailing and service via diplomatic process upon defendant Syria pursuant to 28 U.S.C. § 1608(a)(4). (*See* ECF No. 14).

15.     The summons was returned unexecuted as to Syria on February 26, 2018. (*See* ECF No. 17).

16.     On February 27, 2018, plaintiffs filed a Request for the Clerk to effect service upon defendant Syria by FEDEX, return receipt requested, to the U.S Department of State, Office of Policy Review, in Washington D.C., pursuant to 28 U.S.C. § 1608(a)(4). (*See* ECF No. 15).

17.     On February 27, 2018 the Clerk entered a Certificate of Clerk of mailing two copies of the summons, complaint, and notice of suit, together with a translation of each into the official language of the foreign state on 2/27/18 by certified mail to the U.S. Department of State, Office of Policy Review, in Washington D.C., pursuant to 28 U.S.C. § 1608(a)(4). (*See* ECF No. 16).

18.     The U.S. Department of State, through the Foreign Interest Section of the Embassy of Switzerland in Tehran, effected service upon Iran on February 25, 2018. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note. (*See* ECF # 18 at 1). True and correct copies of correspondence for the U.S. Department of State and the diplomatic notes attesting to service are on file with this Court and docketed at ECF number 18.

19.     The U.S. Department of State, through the Foreign Interest Section of the Embassy of the Czech Republic in Damascus, effected service upon Syria on September 20, 2018. The documents were delivered to the Ministry of Foreign Affairs of the Syrian Arab Republic under cover of diplomatic note. (*See* ECF # 20 at 1). True and correct copies of correspondence for the U.S. Department of State and the diplomatic notes attesting to service are on file with this Court and docketed at ECF number 20.

20.     To date, Iran and Syria have failed to plead or otherwise defend at any time after they were served with process in the above-captioned case.  Section 1608 (d) of the Foreign Sovereign Immunities Act (28 U.S.C. § 1608(d)) requires defendants to have served a reply to the complaint within sixty (60) days of service. No extensions to this time limit have been requested, consented to, or granted by the Court.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on date:  January 14, 2019
　　　　　　　　　　　　　　　　　　　　　/s/ Joshua M. Ambush_____
Joshua M. Ambush (Bar No. MD 27025)
Law Offices of Joshua M. Ambush, LLC
1726 Reisterstown Road
Suite 206
Baltimore, Maryland 21208
Phone: (410) 484-2070
Facsimile: (410) 484-9330
Email: joshua@ambushlaw.com
*Counsel for Plaintiffs*