# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE ESTATE OF        *
ANDREA S. PARHAMOVICH, *et. al.,*    *
     Plaintiffs,         *
                             *

     v.                     *          Case No. 1:17-CV-0061 (KBJ)
                             *

ISLAMIC REPUBLIC       *
OF IRAN, *et al.*,          *
                             *

     Defendants.        *

**************************************************************************

## PLAINTIFFS' MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT AFFIDAVIT TESTIMONY

Plaintiffs, through undersigned counsel, pursuant to Federal Rule of Civil Procedure 55(b) and 28 U.S.C. § 1608(e) and LCvR 7, respectfully submit this Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Leave to Submit Affidavit Testimony.

## I.      RELEVANT BACKGROUND

This case arises under the Foreign Sovereign Immunities Act, 28 U.S.C. §1605A ("FSIA"). Plaintiffs are the parents and three siblings of the late Andrea S. Parhamovich ("Andi"), and the Estate of Andrea S. Parhamovich. Plaintiffs have sued the Syrian Arab Republic ("Syria") and the Islamic Republic of Iran ("Iran") for their material support of the Islamic State in Iraq ("ISI") a/k/a al-Qaeda in Iraq ("AQI") a/k/a the Mujahideen Shura Council, which perpetrated the attempted abduction and extrajudicial killing of Andrea S. Parhamovich in Baghdad, Iraq in 2007.

The Complaint in this case was filed on January 11, 2017. (ECF No. 1). Service was completed upon Iran on February 25, 2018 and upon Syria on September 20, 2018. (ECF No. 18; ECF No. 20). Section 1608 (d) of the Foreign Sovereign Immunities Act (28 U.S.C. § 1608(d)) requires defendants to serve an answer to a complaint within sixty (60) days of service. Iran's answer to the complaint was due on April 26, 2018. Syria's answer to the complaint was due on November 19, 2018. Upon plaintiffs' motion, an entry of default was entered as to Iran and Syria on January

16, 2019. (ECF No. 22). To date, neither Iran nor Syria has filed any responsive pleading or otherwise appeared in this case. Plaintiffs moved for a scheduling conference on February 26, 2019. (ECF No. 23). In a March 1, 2019 minute order the Court ordered that on or before March 15, 2019, plaintiffs file a proposed schedule for submission of a motion for default judgment.

Undersigned counsel contemplates that evidence as to liability and damages can be presented by affidavit and documentary evidence in lieu of live testimony at an evidentiary hearing. If the Court grants plaintiffs' motion, undersigned counsel would submit affidavit testimony from two expert witnesses in order to establish the liability of defendants Syria and Iran. To establish plaintiffs' damages, counsel would submit affidavit testimony from an expert witness and affidavit testimony from the five individual plaintiffs. Plaintiffs also expect to respectfully move the Court to take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of related proceedings and records in similar cases to establish defendants' liability.

As discussed in further detail herein, an evidentiary hearing under the FSIA does not require live expert testimony, and FSIA hearings in this jurisdiction have relied upon expert affidavit testimony.

## II. THE EXPERT WITNESSES

Plaintiffs intend to offer the following expert witness testimony in support of their case against Defendants Iran and Syria.

1. **Dr. Patrick Clawson**, **Ph.D.,** Director of Research at The Washington Institute For Near East Studies, where he directs the Viterbi Program on Iran and U.S. Policy. Dr. Clawson will provide expert testimony as to the liability of defendant Iran. Dr. Clawson is expected to testify on: (1) the structure of the Iranian state and its mission of sponsoring terrorism; (2) the relationship between Iran and al Qaeda throughout the 1990's; and (3) Iran's material support of al Qaeda in Iraq, which later became the Islamic State in Iraq. Dr. Clawson has been qualified by federal courts as an

expert witness on issues related to Iran and Iran's support for terrorism, and has given live or written testimony in various cases brought against Iran for its sponsorship of terrorism, including *Flanagan v. Islamic Republic of Iran*, 87 F. Supp. 3d 93 (D.D.C. 2015); *Owens v. Republic of Sudan*, 826 F. Supp. 2d 128 (D.D.C. 2011); *Bodoff v. Islamic Republic of Iran*, 424 F. Supp. 2d 74 (D.D.C. 2006); and *Weinstein v. Islamic Republic of Iran*, 184 F. Supp. 2d 13 (D.D.C. 2002). He has testified about Iran and Iranian terrorism before the House International Relations, National Security, and Banking and Financial Services Committees, as well as the Senate Foreign Relations and Banking Committees. He supervises a staff of about twenty senior researchers who study Middle East politics and terrorism, with considerable focus on Iran and Syria. He has written and edited numerous monographs about Iran over the past three decades.

Plaintiffs will also submit affidavit testimony from an expert on Syria as to defendant Syria's liability for its material support of ISI a/k/a al Qaeda in Iraq.

2. **Dr. Lawrence Pastor, MD, FAPA,** a psychiatrist licensed by the Commonwealth of Virginia. Dr. Pastor specializes in psychological stress, trauma, and resiliency. Dr. Pastor will provide expert testimony as to the individual plaintiffs' damages. Dr. Pastor will travel to Ohio, where the plaintiffs reside, to conduct a psychiatric evaluation of each plaintiff. Dr. Pastor will submit testimony by an affidavit containing a report on each plaintiff's mental status and will describe the impact of Andi's death on their lives. Dr. Pastor has previously testified or provided expert affidavit testimony in federal courts, including *Flanagan v. Islamic Republic of Iran*, 87 F. Supp. 3d 93 (D.D.C. 2015); *Owens v. Republic of Sudan*, 826 F. Supp. 2d 128 (D.D.C. 2011); *Smith v. Hope Village, Inc.*, 481 F. Supp. 172 (D.D.C. 2007); and *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105 (D.D.C. 2003).

## III. FSIA EVIDENTIARY HEARINGS DO NOT REQUIRE LIVE EXPERT TESTIMONY TO ESTABLISH LIABILITY AND DAMAGES.

Plaintiffs who seek a default judgment under the FSIA must "establish[ their] claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). This standard mirrors the standard for entry of default judgments against the United States under Federal Rule of Civil Procedure 55(d). *See Campuzano v. Islamic Republic of Iran*, 281 F. Supp. 2d 258, 268 (D.D.C. 2003). "A flexible approach has been utilized in determining what procedures the court should employ in determining whether Rule 55(d)'s requirement of evidence satisfactory to the court is fulfilled." *Jin v. Ministry of State Sec.*, 557 F.Supp.2d 131, 139 (D.D.C.2008).

When evaluating FSIA claims, courts may rely on expert testimony to determine jurisdiction, liability, or the factual basis of the plaintiff's claims. *See Owens v. Republic of Sudan (Owens I)*, 864 F.3d 751, 787-88 (D.C. Cir. 2017). Given the "dearth of firsthand evidence, reliance upon secondary materials and the opinions of experts is often critical in order to establish the factual basis of a claim under the FSIA terrorism exception." *Id.* at 787. The expert testimony need only be "admissible" and "satisfactory" to the court." *See id.* at 786 – 87.

Expert testimony may be presented solely through written testimony because the FSIA "does not actually demand a hearing or live testimony; it demands [only] <u>evidence</u>," which may consist of sworn affidavits. *Owens v. Republic of Sudan (Owens I)*, 174 F. Supp. 3d 242, 280 (D.D.C. 2016), *aff'd,* 864 F.3d 751 (D.C. Cir. 2017); *see also Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 43 (D.D.C. 2008)(noting that courts reviewing FSIA claims may rely on affidavits and are not required to hold evidentiary hearings); *Campuzano* 281 F. Supp. 2d at 268 ("in FSIA default judgment proceedings, the plaintiffs may establish proof by affidavit.")

The Court in *Owens I* explained the reasoning for permitting affidavit testimony in ex parte proceedings under the FSIA:

> "Affidavits, though usually not admitted into evidence in ordinary trials, are
> allowed in hearings conducted under 28 U.S.C. § 1608(e) since the hearings
> are ex parte. That is, courts have found that there is no reason to require live

> witness testimony in these hearings because the defendants have failed to enter an appearance in the actions, and, accordingly, would not be there to cross-examine the affiant in open court." *Hutira v. Islamic Republic of Iran*, 211 F.Supp.2d 115, 124 (D.D.C.2002). Thus, for instance, although the district court never held a hearing with live testimony in *Han Kim v. Democratic People's Republic of Korea*, [774 F.3d 1044 (D.C. Cir. 2014)] the D.C. Circuit found sufficient admissible evidence to support a FSIA default judgment in the various affidavits the plaintiffs had submitted. *See* 774 F.3d at 1049–51.

*Owens I*, 174 F. Supp. 3d 242 at 281.

In light of the ex parte nature of the proceedings, the cost of live expert testimony, and the relatively slight chance that FSIA plaintiffs have to recover fully on any default judgment against a foreign state, courts in this District have relied upon affidavit testimony regarding both liability and damages in actions under 28 U.S.C. §1605A. *See, Bodoff v. Islamic Republic of Iran*, 424 F. Supp. 2d 74, 78 (D.D.C. 2006) (holding that plaintiffs had established right of relief by evidence satisfactory to the court by "affidavit testimony and documents" including affidavit by Dr. Patrick Clawson); *Stern v. Islamic Republic of Iran*, 271 F. Supp. 2d 286 (D.D.C. 2003); *Weinstein v. Islamic Republic of Iran,* 184 F. Supp. 2d 13, 19, 25 (D.D.C.2002) (relying upon affidavit testimony from experts, including Dr. Patrick Clawson, to understand relationship between Iran and Hamas); *see also, Findings of Fact/Conclusions of Law, In Re: Terrorist Attacks on September 11, 2001*, Case No. 03-MDL-1570, at * 6 (S.D.N.Y. Dec. 22, 2011) (holding Iran liable for its material support of the September 11, 2001 terrorist attacks upon the United States, based, in part, on "expert affidavits").

Affidavit testimony, in lieu of live testimony at an evidentiary hearing, would significantly reduce the costs of litigation in this case. Since all of the plaintiffs live in Ohio, travel to this District for a live hearing would incur significant travel costs. Affidavit testimony by the expert witnesses would spare plaintiffs the expense of expert fees for live testimony. The reduction of litigation costs is of particular interest in the context of FSIA litigation, where Senior Judge Royce Lamberth of this District has noted that "successful enforcement of these judgments is notoriously difficult and the

prospects for recovering damages rather bleak." *Shoham v. Islamic Republic of Iran*, 922 F. Supp. 2d 44, 48 (D.D.C. 2013).

## IV.  CONCLUSION

Wherefore, for the reasons discussed herein, plaintiffs respectfully request that plaintiffs' motion be granted and that the Court issue an Order granting leave for plaintiffs to submit all liability and damages testimony by affidavit testimony, in lieu of an evidentiary hearing.

Dated: March 15, 2019                                                           Respectfully Submitted,

/s/ Joshua M. Ambush
Joshua M. Ambush (Bar No. MD 27025)
Law Offices of Joshua M. Ambush, LLC
1726 Reisterstown Road
Suite 206
Baltimore, Maryland 21208
Phone: (410) 484-2070
Facsimile: (410) 484-9330
Email: joshua@ambushlaw.com
*Counsel for Plaintiffs*
