## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE ESTATE OF | * | |
| ANDREA S. PARHAMOVICH, *et. al.,* | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.  1:17-CV-0061 (KBJ) |
| | * | |
| ISLAMIC REPUBLIC | * | |
| OF IRAN, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR DEFAULT JUDGMENT AND SUPPORTING AFFIDAVITS

Plaintiffs, through undersigned counsel, pursuant to Federal Rule of Civil Procedure 6(b), respectfully request that the Court grant an extension of time to file their motion for default judgment and supporting affidavits.

This case arises under the Foreign Sovereign Immunities Act, 28 U.S.C. §1605A ("FSIA"). Plaintiffs are the parents and three siblings of the late Andrea S. Parhamovich, and the Estate of Andrea S. Parhamovich. Plaintiffs have sued the Syrian Arab Republic ("Syria") and the Islamic Republic of Iran ("Iran") for their material support of the Islamic State in Iraq a/k/a al-Qaeda in Iraq a/k/a the Mujahideen Shura Council, which perpetrated the attempted abduction and extrajudicial killing of Ms. Parhamovich in Baghdad, Iraq in 2007.

The Complaint in this case was filed on January 11, 2017. (ECF No. 1).  Service was completed upon Iran on February 25, 2018 and upon Syria on September 20, 2018. (ECF No. 18; ECF No. 20).  Section 1608 (d) of the Foreign Sovereign Immunities Act (28 U.S.C. § 1608(d)) requires defendants to serve an answer to a complaint within sixty (60) days of service.  Iran's answer to the complaint was due on April 26, 2018.  Syria's answer to the complaint was due on November 19, 2018.  An entry of default was entered as to Iran and Syria on January 16, 2019.  (ECF No. 22).

- 1 -

To date, neither Iran nor Syria has filed any responsive pleading or otherwise appeared in this case.

Plaintiffs moved for a scheduling conference on February 26, 2019. (ECF No. 23). In a March 1, 2019 minute order the Court ordered that on or before March 15, 2019, plaintiffs file a proposed schedule for submission of a motion for default judgment. On March 15, 2019, plaintiffs submitted a motion for leave to submit affidavit testimony (ECF No. 24) and a motion for scheduling order, with a proposed scheduling order for plaintiffs to submit affidavit testimony and documentary evidence by June 19, 2019, and to submit plaintiff's motion for default judgment as to liability and damages by June 26, 2019 (ECF No. 25).

On March 18, 2019, the Court issued a minute order granting in part the motion for scheduling order and ordering that plaintiffs shall file any motion for default judgment and supporting affidavits upon which they seek to rely on or before June 26, 2019. On June 7, 2019, undersigned counsel filed a motion for an extension of time of 180 days which this Court granted by a minute order on June 10, 2019, and ordering that plaintiffs file their submissions by December 23, 2019.

Plaintiffs now seek an additional extension of time of 180 days. The reason for the extension of time is that undersigned counsel is still engaged in obtaining the necessary documentary evidence that is needed to finalize the expert affidavit testimony. The facts in this case have presented serious investigative challenges as the attack on Ms. Parhamovich occurred in Iraq, where ongoing security issues make private investigations difficult or impossible.

Counsel submitted a Freedom of Information Act (FOIA) request for records to the FBI, which conducted a counterterrorism investigation into the attack on Ms. Parhamovich. The request was denied on April 9, 2019 as being exempt from disclosure under 5 U.S.C. §552(b)(7)(A) (exempting from disclosure records or information compiled for law enforcement purposes, to the extent that their production could reasonably be expected to interfere with enforcement proceedings). Counsel filed an appeal which was denied on May 22, 2019 under 5 U.S.C. §552(b)(7)(A) and 5 USC

§ 552(b)(7)(E) (concerning records or information compiled for law enforcement purposes, the release of which would disclose techniques and procedures or guidelines for law enforcement investigations or prosecutions). Undersigned counsel subsequently served on the FBI *Touhy* requests for documents and for deposition testimony. Counsel expects the FBI to serve any objections to the requests by December 18, 2019, but counsel does not yet have a time frame for the completion of these requests.

Counsel has also submitted FOIA requests for documents related to the attack to the United States Department of State, United States Central Command, and the United States Agency for International Development (USAID). These requests are still outstanding and counsel has not received an estimated time frame for completion of the requests from any of the agencies. The Department of State has assigned counsel's FOIA request to the complex track, which will likely produce further delay in the processing of the request.

WHEREFORE, plaintiffs respectfully request that this Court GRANT plaintiffs' Motion for Extension of Time to File Motion for Default Judgment and Supporting Affidavits and ORDER that plaintiffs submit their motion for default judgment and supporting affidavits by June 22, 2020.

Dated: November 20, 2019

Respectfully Submitted,

_____ /s/ Joshua M. Ambush
Joshua M. Ambush (Bar No. MD 27025)
Law Offices of Joshua M. Ambush, LLC
106 Old Court Road
Suite 303
Baltimore, Maryland 21208
Phone: (410) 484-2070
Facsimile: (410) 484-9330
Email: joshua@ambushlaw.com
*Counsel for Plaintiffs*