## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE ESTATE OF          \*
ANDREA S. PARHAMOVICH, *et. al.,*    \*
    Plaintiffs,          \*
                    \*
    v.                  \*      Case No.  1:17-CV-0061 (KBJ)
                    \*
ISLAMIC REPUBLIC        \*
OF IRAN, *et al.*,            \*
                    \*
    Defendants.         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Plaintiffs, through undersigned counsel, pursuant to Federal Rule of Civil Procedure 6(b)(1), respectfully request that the Court grant an extension of time of ninety days to file their motion for default judgment and supporting memorandum and exhibits, as well as any motion for leave to file under seal any materials for which a seal is necessary.  In support of this motion, plaintiffs respectfully state as follows:

This case arises under the Foreign Sovereign Immunities Act, 28 U.S.C. §1605A ("FSIA"). Plaintiffs are the parents and siblings of the late Andrea S. Parhamovich, and the Estate of Andrea S. Parhamovich. Plaintiffs have sued the Syrian Arab Republic ("Syria") and the Islamic Republic of Iran ("Iran") for their material support of the Islamic State in Iraq a/k/a al-Qaeda in Iraq a/k/a the Mujahideen Shura Council, which perpetrated the attempted abduction and extrajudicial killing of Ms. Parhamovich in Baghdad, Iraq in 2007.

The Clerk of the Court entered default against defendants Iran and Syria on January 16, 2019. (ECF No. 22).  To date, neither Iran nor Syria has filed any responsive pleading or otherwise appeared in this case.  Plaintiffs moved for a scheduling conference on February 26, 2019. (ECF No. 23).  In a March 1, 2019 minute order the Court ordered that on or before March 15, 2019, plaintiffs file a proposed schedule for submission of a motion for default judgment.  On March 15, 2019, plaintiffs

- 1 -

submitted a motion for leave to submit affidavit testimony (ECF No. 24) and a motion for scheduling order, with a proposed scheduling order for plaintiffs to submit affidavit testimony and documentary evidence by June 19, 2019, and to submit plaintiffs' motion for default judgment as to liability and damages by June 26, 2019 (ECF No. 25).

On March 18, 2019, the Court issued a minute order granting in part the motion for scheduling order and ordering that plaintiffs shall file any motion for default judgment and supporting affidavits upon which they seek to rely on or before June 26, 2019.   On June 7, 2019, undersigned counsel filed a motion for an extension of time of 180 days (ECF No. 26), which this Court granted by a minute order on June 10, 2019, and ordering that plaintiffs file their submissions by December 23, 2019.

Plaintiffs sought an additional extension of time on November 20, 2019 (ECF No. 27). which the court granted by a minute order on December 5, 2019, and ordering that plaintiffs file their submissions by June 22, 2020.

Plaintiffs now seek an additional extension of time of ninety days.   The reason for the extension of time is that the COVID-19 pandemic has hampered undersigned counsel's ability to obtain the necessary documentary evidence that is needed to finalize plaintiffs' expert witness declarations.

As part of its investigation of this case, counsel has a number of outstanding FOIA requests submitted with federal agencies, including the Department of State, the United States Central Command, the United States Agency for International Development (USAID), the U.S. Army Center of Military History, and the Social Security Administration.   The processing of these requests has been delayed by the effects of the pandemic on the routine office operations, including the processing of FOIA requests,  of federal government agencies.

The US Department of State website posted a "Notice to FOIA Requesters" dated April 9, 2020 stating, "Due to the COVID-19 pandemic and pursuant to guidance received from the Office of

Management and Budget, the Office of Information Programs and Services has implemented maximum telework flexibilities to protect its employees and their communities. During this time, personnel will not have access to mail and facsimile and there will be a delay in responses to such correspondence as well as the processing of requests and appeals."

https://foia.state.gov/Request/CovidNotice.aspx

The U.S. Central Command's FOIA webpage says, "NOTICE: As a result of increases in the Health Protection Condition, (HPCON) level, our offices are limited to mission-essential personnel only and maximizing the use of telework for other personnel. This means that we are unable to handle requests sent via traditional methods and can only respond to electronic inquiries while under HPCON levels." https://www.centcom.mil/Home/FOIA/

The USAID FOIA website posted the following statement: "FOIA Processing at USAID – USAID has implemented maximum telework to promote social distancing during the COVID-19 pandemic. Priorities in many of our operating units have shifted, thus impacting processing times."

https://www.usaid.gov/foia-requests

The U.S. Army Center of Military History has advised counsel, by an emailed letter dated April 27, 2020, that "Due to unusual circumstances, we are unable to perform a search for the requested records at this time. Employees of the U.S. Army Center of Military History are teleworking due to the COVID-19 pandemic. Once employees return to the office, a search for the requested records will be conducted."

An April 17, 2020 email from the Social Security Administration in reply to counsel's request for an update on the status of a records request stated, "The COVID-19 pandemic has affected the agency's processing of FOIA requests. While the FOIA Team will continue to process FOIA requests to the best of our ability, the agency's regional offices and field offices are unable to process FOIA workload at this time." Counsel had been previously advised in a phone call to the Social Security

Administration that the records request would require staff to search in the film room, as the requested records are on microfilm or microfiche.  Since the records are not available electronically, counsel anticipates that the records request will not be able to be processed until the SSA offices are operational.

Plaintiffs' motion is authorized by Rule 6(b)(1)  of the Fed. R. Civ. P.   Under Fed. R. Civ. P. 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time…with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires [.]"  Fed. R. Civ. P. 6(b)(1)(A).  The "good cause" standard of Rule 6(b)(1) is "subject to the district court's discretion," *Cooper v. United States Dep't of Justice*, 169 F. Supp. 3d 20, 45 (D.D.C. 2016),  and "is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010).

Plaintiffs expect to submit "evidence satisfactory to the court," warranting an entry of default judgment under 28 U.S.C. §1608(e).  As the facts in this case have presented serious investigative challenges as the attack on Ms. Parhamovich occurred in Iraq, where ongoing security issues make private investigations difficult or impossible, counsel has relied on official government documentary evidence obtained through FOIA requests.  The processing of these outstanding FOIA records requests is necessary so that counsel may provide this documentary evidence to plaintiffs' expert witnesses for the completion of their expert reports.

An extension of time would cause no prejudice to Defendants, which have not appeared in this case.

WHEREFORE, plaintiffs respectfully request that this Court GRANT plaintiffs' Motion for Extension of Time and extend the deadline to file their motion for default judgment and memorandum

and exhibits in support, as well as any motion for leave to file under seal, from June 22, 2020 to September 21, 2020.

Dated: June 4, 2020                                        Respectfully Submitted,

_____/s/ Joshua M. Ambush
Joshua M. Ambush (Bar No. MD 27025)
Law Offices of Joshua M. Ambush, LLC
106 Old Court Road
Suite 303
Baltimore, Maryland 21208
Phone: (410) 484-2070
Facsimile: (410) 484-9330
Email: joshua@ambushlaw.com
*Counsel for Plaintiffs*
