**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE ESTATE OF | * | |
| ANDREA S. PARHAMOVICH, *et. al.*, | * | |
|     Plaintiffs, | * | |
| | * | |
|     v. | * | Case No. 1:17-CV-00061 (KBJ) |
| | * | |
| ISLAMIC REPUBLIC | * | |
| OF IRAN, *et al.*, | * | |
| | * | |
|     Defendants. | * | |

*************************************************************************

**PLAINTIFFS' MOTION TO BIFURCATE LIABILITY AND DAMAGES ISSUES**

Plaintiffs, by and through undersigned counsel, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, respectfully request that the Court issue an order bifurcating the liability and damages issues in this proceeding, and permitting the filing of their Motion for Default Judgment, Memorandum of Points and Authorities, and supporting evidence, as to defendants' liability initially as a stand-alone issue. In the event this Court grants plaintiffs' Motion for Default Judgment as to Liability, plaintiffs would proceed to present their evidence as to the issue of damages.

**MEMORANDUM OF POINT AND AUTHORITIES**

**I.    STATEMENT OF FACTS**

Andrea Parhamovich was an American citizen and aid worker who was killed in a terrorist attack on her vehicle convoy in Baghdad, Iraq on January 17, 2007, while she was working for the National Democratic Institute, a non-governmental organization. Plaintiffs, the parents and siblings of Andrea Parhamovich, bring this suit seeking judgment and damages against Iran and Syria under the private cause of action provided by Section 1605A(c) of the Foreign Sovereign Immunities Act. Default was entered against Syria and Iran on January 16, 2019 (ECF No. 22). Plaintiffs intend to file a Motion for Default Judgment pursuant to FRCP 55.

1

In its minute order of October 24, 2019, this Court ordered that plaintiffs may submit affidavits to support their motion for default judgment in lieu of live testimony, with determination of whether additional testimony from live witnesses was necessary to be decided at a later date. Plaintiffs' Motion for Default Judgment and supporting Memorandum of Points and Authorities, declarations, and documentary evidence, is due on September 21, 2020. Minute Order of June 11, 2020.

Pursuant to LCvR 7(e) and this Court's General Order, a memorandum of points and authorities in support of a motion shall not exceed 45 pages without prior approval of the Court. Plaintiffs filed a Motion for Leave to File Excess pages on September 8, 2020, seeking leave to file a memorandum in support of their motion for default judgment of up to 100 pages, ECF No. 29, which the Court granted in part and denied in part, ordering that plaintiffs were granted leave to file a memorandum of no more than 65 pages, not including declarations and attachments. Minute Order of September 15, 2020.

## II. ARGUMENT

Plaintiffs move for an order bifurcating the liability and damages phases of this proceeding. FRCP 42(b) provides that this Court may "order a separate trial of one or more separate issues" for "convenience, to avoid prejudice, or to expedite and economize…." Undersigned counsel had anticipated filing both liability and damages evidence with the motion for default judgment at the same time, and had prepared the memorandum in support to argue both liability and damages. Plaintiff's memorandum contains approximately 54 pages on the issue of liability and 37 pages on the issue of damages. In light of this Court's order to limit the memorandum to no more than 65 pages, counsel moves to bifurcate the liability and damages parts of its case and to first present the arguments and evidence for defendants' liability, for the Court to determine whether additional testimony from live witnesses is required.

Plaintiffs' case would be prejudiced by including both the liability and damages arguments in a memorandum limited to 65 pages. Plaintiffs intend to attach to their motion for default judgment declarations from two liability experts and two damages experts, which would all need to be addressed in a memorandum including both liability and damages issues. Plaintiffs' memorandum must address liability issues including waiver of sovereign immunity under the FSIA for state sponsors of terrorism and the private cause of action under Section 1605A(c).

The damages issues that must be addressed include solatium claims for the five family member plaintiffs, and claims for economic and survival damages for the Estate of Andrea Parhamovich. Plaintiffs will seek upward departures for the award of solatium claims and they wish to fully brief the evidence for their reasons for seeking upward departures. Plaintiffs will be submitting declarations from each of the five family members in support of their solatium claims, as well as a declaration in support of the claims of the Estate, each of which will be need to be argued in the memorandum.

In the event this Court bifurcates these proceedings and grants plaintiffs' motion for default judgment as to liability, whether with or without additional testimony, plaintiffs anticipate that they would be able to fully present their evidence for damages directly to this Court without the appointment of a special master pursuant to 28 U.S.C. § 1605A(e). Plaintiffs also intend to move for leave to file proposed findings of fact and conclusions of law as to liability and damages in the event their motion for default judgement as to defendants' liability is granted.

Pursuant to Local Rule 7(m), this motion is not opposed and granting this motion would cause no prejudice to defendants, which have not appeared in this case.

### III. CONCLUSION

For the reasons set forth in this Motion and Memorandum, plaintiffs request leave to file a Motion for Default Judgment and memorandum and supporting evidence as to liability initially as a

stand-alone issue, with damages evidence to be presented in the event this Court grants their motion as to liability.

**WHEREFORE**, Plaintiffs respectfully request that this Court **GRANT** their motion to bifurcate the liability and damages issues in this proceeding, and permit plaintiffs to file a Motion for Default Judgment as to liability initially as a stand-alone issue, with damages evidence to be presented in the event this Court grants plaintiffs' motion as to defendants' liability.


Dated: September 16, 2020                                                  Respectfully Submitted,

/s/ Joshua M. Ambush
Joshua M. Ambush (Bar No. MD 27025)
Law Offices of Joshua M. Ambush, LLC
106 Old Court Road, Suit 303
Baltimore, Maryland 21208
Phone: (410) 484-2070
Facsimile: (410) 484-9330
Email: joshua@ambushlaw.com
*Counsel for Plaintiffs*