UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ESTATE OF ANDREA S. PARHAMOVICH, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) Case No. 17-cv-61 (KBJ/GMH) |
| THE SYRIAN ARAB REPUBLIC, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

# ORDER

Plaintiffs seek leave to file seventeen exhibits and their memorandum in support of the motion for default judgment as to liability under seal, and to file redacted versions of those documents on the public docket. ECF No. 36.[1] Plaintiffs also seek leave to file two additional exhibits in support of their motion for default judgment as to liability under seal but do not propose to file redacted versions of those two exhibits on the public docket because they are particularly sensitive. *Id.* Last, Plaintiffs seek leave to submit one exhibit—autopsy photographs—to the Court for *in camera* review. *Id.* Courts in the D.C. Circuit weigh six factors when considering whether to grant a motion to seal:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

---

[1] Plaintiffs filed an earlier version of their motion to seal (ECF No. 31), which is identical to their subsequent motion to seal (ECF No. 36). Because the motions to seal are identical and the Court grants Plaintiffs' March 2021 motion to seal, the Court will deny as moot Plaintiffs' earlier motion to seal.

*United States v. Hubbard*, 650 F.2d 293, 316 (D.C. Cir. 1980).  The Court has reviewed Plaintiffs' memorandum in support of its motion to file documents under seal, the documents that Plaintiffs propose to file under seal, and has reviewed the proposed redactions.  Based on that review, the Court finds that the Plaintiffs' privacy interests and the privacy interests of third-parties—specifically, the privacy interests in Plaintiffs' identifying information, mental health information, and graphic details of Ms. Parhamovich's death, as well as the privacy interests in identifying information of third-party individuals and certain security protocols utilized by the individuals and entities that Ms. Parhamovich worked with in Iraq—weigh strongly in favor of granting Plaintiffs' motion.  Conversely, there is little need for public access to the documents, no one has objected to sealing the documents, and the purpose for which the documents were introduced—factual background in support of the motion for default judgment as to liability[2]—do not weigh against sealing the documents.  Accordingly, it is hereby

    **ORDERED** that Plaintiffs' motion to seal is **GRANTED IN PART**.  The unredacted documents submitted by Plaintiffs along with their motion to seal (ECF Nos. 36-1, 36-3, 36-5, 36-7, 36-8, 36-10, 36-12, 36-13, 36-15, 36-17, 36-19, 36-21, 36-23, 36-25, 36-27, 36-29, 36-31, 36-33, 36-35, 36-37) shall remain under seal.  It is further,

---

[2] Importantly, because the sixth *Hubbard* factor considers "the purpose for which the documents were introduced during the judicial proceedings," 650 F.2d at 316, the Court's decision granting Plaintiffs' motion to seal is limited to the exhibits introduced as support for Plaintiffs' motion for default judgment *as to liability*.  *See* Minute Order dated Sept. 17, 2020 (granting Plaintiffs' request to bifurcate liability and damages briefing).  A motion for default judgment as to damages will require the Court to consider different issues and thus certain exhibits may become more important to the Court's legal analysis regarding damages, which may weigh in favor of unsealing those exhibits.  *See Hamen v. Islamic Republic of* Iran, 318 F. Supp. 3d 194, 198 (D.D.C. 2018) (noting that, under the sixth *Hubbard* factor, "[t]he more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes" and considering whether the document to be sealed will "inform the Court's decision").  So, to the extent Plaintiffs intend to submit any of the same exhibits in support of their motion for default judgment as to damages, Plaintiffs will need to file a second motion for leave to file those documents, and any others, under seal.

**ORDERED** that the Clerk's Office shall unseal the following redacted exhibits: ECF Nos. 36-2, 36-4, 36-6, 36-9, 36-11, 36-14, 36-16, 36-18, 36-20, 36-22, 36-24, 36-26, 36-28, 36-30, 36-32, 36-34, 36-36, and 36-38. It is further

**ORDERED** that Plaintiffs' request to submit autopsy photographs for *in camera* review is **DENIED AS MOOT** because the Court did not consider review of the autopsy photographs necessary to its determination regarding Plaintiffs' motion for default judgment as to liability. It is further,

**ORDERED** that Plaintiffs' earlier, identical motion to seal (ECF No. 31) is **DENIED AS MOOT**.

**SO ORDERED.**

Date: June 23, 2021

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE