## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE ESTATE OF | * | |
| ANDREA S. PARHAMOVICH, *et. al.,* | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.  1:17-CV-00061 (FYP) |
| | * | |
| ISLAMIC REPUBLIC | * | |
| OF IRAN, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' MOTION TO ADOPT THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AT LEAST AS TO LIABILITY AGAINST DEFENDANT SYRIA**

Plaintiffs, by and through undersigned counsel, respectfully request that this Court adopt the Magistrate's Report and Recommendation (filed June 23, 2021) at least as to the recommendation that Plaintiff's motion for default judgment on liability as to Defendant the Syrian Arab Republic be granted.  *See* Fed. R. Civ. P. 72; LCvR 72.3.

Plaintiffs filed their complaint against Defendants the Islamic Republic of Iran ("Iran") and the Syrian Arab Republic ("Syria") on January 11, 2017.  ECF No. 1.  Service was completed as to both defendants, defendants failed to appear before the Court, and, per Plaintiff's request, the Clerk entered default against both Defendants on January 16, 2019.  ECF No.22.  On March 3, 2021, Plaintiffs filed a motion for default judgment as to liability against both Defendants Syria and Iran.  ECF No. 37.

On June 23, 2021, United States Magistrate Judge G. Michael Harvey issued a Report and Recommendation.  ECF No. 40.  In that Report and Recommendation, the Magistrate Judge recommended "Plaintiff's motion for default judgment as to liability be granted as to Syria, but denied as to Iran" for procedural errors.  ECF No. 40 at 2.  Five days after the Magistrate's Report

and Recommendation was filed this case was reassigned to the Calendar Committee for oversight due to the elevation of the presiding judge, Judge Ketanji Brown Jackson, to the U.S. Court of Appeals for the D.C. Circuit.  On October 1, 2021, this case was directly reassigned to this Court (Pan, J.).  No District Judge has yet to rule on the Magistrate's Report and Recommendation.  As such, Plaintiffs respectfully request that this Court adopt the Magistrate's Report and Recommendation at least as to the recommendation that Plaintiff's motion for default judgment on liability as to Defendant the Syrian Arab Republic be granted.

In further support, Plaintiffs state as follows:

## BACKGROUND AND ARGUMENT

On January 11, 2017, Plaintiffs initiated this action against Defendants the Islamic Republic of Iran ("Iran") and the Syrian Arab Republic ("Syria") under the state sponsor of terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1605A(c), for providing material support and resources to the Islamic State in Iraq ("ISI") which led to the attack on Andrea Parhamovich and her resulting death.  ECF No. 1.

Plaintiffs proceeded with service of process against both defendants pursuant to 28 U.S.C. §1608(a).  On January 30, 2018, Plaintiffs filed an affidavit requesting service on Syria pursuant to 28 U.S.C. §1608(a)(3).  ECF No. 11.  When service was unsuccessful, Plaintiffs then requested service via diplomatic service pursuant to 1608(a)(4) on February 23, 2018.  ECF No. 14.  Service was completed on Syria on September 20, 2018.  ECF No. 20.

In attempting service on Iran, Plaintiffs relied on the then-current Court's Attorney Manual for Service of Process, which stated that service attempts under 1608(a)(3) were frequently futile and service could be made "directly through diplomatic channels [under section 1608(a)(4)] without attempting service under any other provision first."  ECF No. 7 at 1.  Plaintiffs did not

attempt to serve Iran under 1608(a)(3), and instead immediately requested service on Iran directly

through diplomatic channels pursuant to 1608(a)(4) on July 19, 2017.  ECF No. 7.  The Department

of State notified Plaintiffs that it would not rely on the attorney manual as authority and asked for

a copy of a directive from the court to proceed with service under 1608(a)(4).  ECF No. 9-2 at 1-

2.  Plaintiffs subsequently requested and received an order of the Court (Jackson J.), issued

December 22, 2017, "permitting Plaintiffs to proceed with service…through diplomatic channels,

in accordance with the requirements of [section 1608(a)(4)]."  ECF No. 10.  Service was completed

on Iran on February 25, 2018. ECF No. 18.

   After Defendants Iran and Syria failed to appear before the Court, Plaintiffs requested that

the Clerk enter default.  ECF No. 21.  The Clerk entered default against both Defendants on January

16, 2019.  ECF No.22.

   On September 8, 2020, in anticipation of filing their motion for default judgment against

both Defendants, Plaintiffs filed a motion seeking to file a memorandum in support of their motion

for default judgment in excess of the 45 pages allowed under LCvR 7(e).   ECF No. 29.   On

September 15, 2020, the Court (Jackson, J.) issued an order granting in part and denying in part

the motion, allowing Plaintiffs to file a memorandum in support of their motion for default

judgment in no more than 65 pages (not including declaration and attachments).   On September

16, 2020, Plaintiffs filed a motion to bifurcate the liability and damages phases of the proceedings

in order to avoid prejudice from the 65-page word limitation.  ECF No. 30.  On September 17,

2020, the Court granted the motion for bifurcation.  Accordingly, on March 3, 2021, Plaintiffs filed

a motion for default judgment as to liability only against both Defendants Syria and Iran, with an

accompanying Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Default

Judgment on Liability addressing arguments relevant to personal jurisdiction, subject matter jurisdiction, and the standard for default judgment under the FSIA. ECF No. 37.

On June 23, 2021, United States Magistrate Judge G. Michael Harvey issued a Report and Recommendation recommending that Plaintiff's motion for default judgment as to liability be granted as to Syria but denied as to Iran for Plaintiff's court-sanctioned service of process methods pursuant to 1608(a).  The Magistrate Judge's sole reason for recommending that Plaintiff's motion for default judgment on liability as to Iran was due to the Magistrate's analysis that section 1608(a)'s service of process requirements are jurisdictional, and a plaintiff must attempt service under subsection (a)(3) before subsection (a)(4) in order to comply with section 1608(a).  ECF No. 40 at 11.  The Magistrate recognized that Plaintiffs had received a Court order to serve Iran directly via 1608(a)(4) but determined that the court-sanctioned method was erroneous and fatal as to Iran.

Five days after the Magistrate's Report and Recommendation was filed, this case was reassigned to the Calendar Committee for oversight due to the elevation of the presiding judge, Judge Ketanji Brown Jackson, to the U.S. Court of Appeals for the D.C. Circuit.  On October 1, 2021, this case was directly reassigned to this Court (Pan, J.).  No District Judge has yet to rule on the Magistrate's Report and Recommendation.

During this time, and in-line with the Magistrate Judge's Report and Recommendation that had not been ruled on by this Court, Plaintiffs sought service against Iran under 1608(a)(3) on August 10, 2021, which failed.  ECF No. 45.  On September 17, 2021, Plaintiffs requested (for a second time) service under 1608(a)(4) through the U.S. Department of State's Office of the Legal Advisor.  ECF Nos. 47 & 48.  Currently, Plaintiffs are still waiting for notification from the Office of the Legal Adviser on successful transmission to the U.S. Embassy Bern.  *See* ECF No. 50.  On

February 14, 2022, Plaintiffs were notified by the Attorney Adviser that documents were scheduled to be dispatched to the U.S. Embassy Bern for transmission that day.

Plaintiffs respectfully request that this Court adopt the Magistrate's recommendation that the motion for default judgment on liability at least as to Defendant Syria be granted. ECF No. 34. Indeed, once this Court adopts the Magistrate's Report and Recommendation to grant Plaintiffs' motion for default judgment on Syria's liability, Plaintiffs intend to move for damages as to Syria. FRCP 42(b) provides that this Court may "order a separate trial of one or more separate issues" for "convenience, to avoid prejudice, or to expedite and economize…"

Plaintiffs' complaint requested damages "against each defendant, *jointly and severally*." ECF No. 1 at 21.  In cases under Section 1605A(c), the court "may assess damages jointly and severally against defendants that conspired to provide material support for terrorist activity." *Flanagan v. Islamic Republic of Iran*, 87 F.Supp. 3d 93, 116 (D.D.C. 2015) *vacated in part as to punitive damages* 190 F.Supp. 3d 138 (D.D.C. 2016) (concluding Iranian and Sudanese defendants to be jointly and severally liable for all damages in light of evidence of defendants' conspiracy to support the terrorist activities of Al-Qaeda, which ultimately executed the bombing of the U.S.S. Cole); *Wultz v. Islamic Republic of Iran*, 864 F. Supp. 24, 30, 34 (D.D.C. 2012) (ruling Iranian and Syrian defendants jointly and severally liable for damages, where Palestinian Islamic Jihad ("PIJ") received "substantial logistical, financial, and technical support" from and "act[ed] as agents for" the defendants).  As such, in the interest of judicial economy and efficiency, and because Defendant Syria can be held independently liable for damages, Plaintiffs cause of action can and should continue against Syria.

## CONCLUSION

For the reasons outlined above, Plaintiffs respectfully request that this Court adopts the Magistrate's Report and Recommendation (filed June 23, 2021) at least as to the recommendation that Plaintiff's motion for default judgment on liability as to Defendant the Syrian Arab Republic be granted.

Dated: February 16, 2022                                Respectfully Submitted,

                                                          /s/ Joshua M. Ambush
                                               Joshua M. Ambush (Bar No. MD 27025)
                                               Law Offices of Joshua M. Ambush, LLC
                                                              106 Old Court Road
                                                                      Suite 303
                                                         Baltimore, Maryland 21208
                                                           Phone: (410) 484-2070
                                                         Facsimile: (410) 484-9330
                                                     Email: joshua@ambushlaw.com
                                                           *Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE ESTATE OF | * | |
| ANDREA S. PARHAMOVICH, *et. al.,* | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.  1:17-CV-0061 (FYP) |
| | * | |
| ISLAMIC REPUBLIC | * | |
| OF IRAN, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**************************************************************************

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ADOPT THE REPORT**
**AND RECOMMENDATION OF THE MAGISTRATE JUDGE AS TO LIABILITY**
**AGAINST DEFENDANT SYRIA**

This Court, having considered Plaintiffs' Motion to Adopt the Report and Recommendation

of the Magistrate Judge of June 23, 2021, as to recommending that the motion for default judgment

on liability be granted as to Defendant Syria, the Court hereby GRANTS such motion.


_____

Florence Y. Pan
United States District Judge