UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF ANDREA S. PARHAMOVICH,** *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **SYRIAN ARAB REPUBLIC,** *et al.*, <br><br> *Defendants*. | Civil Action No. 17-0061 (FYP) |

# ORDER

This matter comes before the Court on Plaintiffs' Motion to Adopt the Report and Recommendation of the Magistrate Judge as to Liability Against Defendant Syria. *See* ECF No. 51 (Plaintiff's Motion to Adopt Report and Recommendation). For the following reasons, the Court will grant the Motion.

On January 11, 2017, Plaintiffs brought this action against the Syrian Arab Republic ("Syria") and the Islamic Republic of Iran ("Iran") (collectively, "Defendants"), under the exception to the Foreign Sovereign Immunities Act ("FSIA") for state sponsors of terrorism. *See* 28 U.S.C. § 1605A.[1] Plaintiffs allege that Iran and Syria provided material support and resources to the Islamic State in Iraq, a terrorist group that ambushed Andrea Parhamovich's vehicle in January 2017, resulting in her death. *See generally* ECF No. 1 (Complaint). The case was referred to a Magistrate Judge for full case management on October 15, 2020. *See* Minute

---

[1] Section 1605A(c) of the FSIA, in relevant part, permits United States nationals to sue foreign states designated as state sponsors of terrorism for personal injury or deaths "caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act." *See* 28 U.S.C. § 1605A.

Order of October 15, 2020.

After Defendants failed to appear before the Court and the Clerk of Court entered default against them, Plaintiffs filed their Motion for Default Judgment as to Liability on March 3, 2021. *See* ECF No. 37 (Plaintiffs' Motion for Default Judgment as to Liability). On June 23, 2021, Magistrate Judge G. Michael Harvey recommended that Plaintiffs' Motion be granted as to Syria and denied as to Iran. *See* ECF No. 39 (Report and Recommendation ("R&R")), at 34. Plaintiffs now ask the Court to adopt the Magistrate Judge's recommendation as to Syria, and to enter default judgment as to liability against Syria. *See generally* Pl. Mot.

To determine whether default judgment as to liability could be entered against Syria, the Magistrate Judge assessed: (1) whether the Court has personal jurisdiction, *see* R&R at 5–8; (2) whether the Court has subject matter jurisdiction, *id.* at 13–29; and (3) whether Plaintiffs established liability under a viable cause of action, *id.* at 29–34. First, the Magistrate Judge reasoned that the Court has personal jurisdiction because Syria was properly served under 28 U.S.C. § 1330(b), which governs personal jurisdiction over foreign states. *Id.* at 8.[2] The Magistrate Judge next determined that the Court has subject-matter jurisdiction over Plaintiffs' claims against Syria under 28 U.S.C. § 1330(a).[3] *Id.* at 29. Finally, the Magistrate examined the four theories of tort liability alleged by Plaintiffs[4] — wrongful death, assault, battery, and

---

[2]   As required by 28 U.S.C. § 1330(b), Plaintiffs served Syria through the process provided in 28 U.S.C. § 1608(a). *See* R&R at 6. "[S]ervice on Syria was completed" on September 20, 2018, "through a diplomatic note delivered by the Foreign Interests section of the Embassy of the Czech Republic." *Id.* at 8 (citing ECF No. 20 (Return of Service/Affidavit)).

[3]   Section 1330(a) grants district courts original subject-matter jurisdiction "without regard to amount in controversy" over (1) nonjury civil actions, (2) as to any claim for relief *in personam*, (3) against a foreign state, (4) provided that the foreign state is not entitled to immunity under sections 1605 to 1607 of the FSIA. *See* 28 U.S.C. § 1330(a). The Magistrate Judge noted that "[t]he first three factors are easily met [by Plaintiff]," *see* R&R at 13, and undertook a thorough and searching analysis before concluding that Syria's sovereign immunity was overcome by FSIA's "terrorism exception," *id.* at 14–28.

[4]   While section 1605A(c) offers a general private right of action, it "does not itself provide the 'substantive

2

intentional infliction of emotional distress/solatium — and concluded that Plaintiffs had "sufficiently established all four theories . . . at the default stage." *Id.* at 34.  As a result, the Magistrate Judge recommended that Plaintiffs' motion for default judgment as to liability be granted with respect to Syria.  *Id.*

The R&R noted that that failure to file a timely objection within fourteen days of a party's receipt of the R&R could result in the waiver of that party's right to appeal any order of the District Court adopting the recommendations.  *Id.* at 35.  No objection to the R&R has been filed, and the time to file such an objection has lapsed, *see* LCvR 72.3(b).  Accordingly, any objections are deemed waived, *see, e.g.*, *Thomas v. Arn*, 474 U.S. 140, 149–55 (1985).

The Court, upon independent consideration of the pending Motion for Default Judgment as to Liability and the entire record herein, concurs with the recommendation made in the R&R as to Syria.  Accordingly, it is hereby

**ORDERED** that the [39] Report and Recommendation is **ADOPTED** in part; and it is further

**ORDERED** that, for the reasons stated in the Report and Recommendation, the Plaintiffs' [51] Motion for Default Judgment as to Liability Against Defendant Syria is **GRANTED**; and it is further

---

basis' for claims brought under the FSIA." *Force v. Islamic Republic of Iran*, 464 F. Supp. 3d 323, 361 (D.D.C. 2020).  FSIA plaintiffs are also required "to prove a [specific] theory of liability," *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 73 (D.D.C. 2010), based on "well-established principles of law, such as those found in Restatement (Second) of Torts," *see In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 61 (D.D.C. 2009).

     **ORDERED** that judgment shall be entered in favor of Plaintiffs and against Defendant Syria as to liability.

 

_____
FLORENCE Y. PAN
United States District Judge

Date:   March 8, 2022