IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ESTATE OF ANDREA S. PARHAMOVICH, *et. al.*, <br>    Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, *et al.*, <br><br>    Defendants. | Case No. 1:17-CV-00061 (FYP) |

**************************************************************************

## PLAINTIFFS' RENEWED MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY AGAINST DEFENDANT ISLAMIC REPUBLIC OF IRAN

Plaintiffs, by and through undersigned counsel, respectfully renew their motion for default judgment as to liability against Defendant the Islamic Republic of Iran, previously filed on March 3, 2021. In support of their request, plaintiffs state as follows:

### BACKGROUND AND ARGUMENT

On January 11, 2017, plaintiffs initiated this action against Defendants the Islamic Republic of Iran ("Iran") and the Syrian Arab Republic ("Syria") under the state sponsor of terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1605A(c), for providing material support and resources to the Islamic State in Iraq ("ISI") which led to the attack on Andrea Parhamovich and her resulting death. ECF No. 1.

Plaintiffs proceeded with service of process against both defendants pursuant to 28 U.S.C. §1608(a). Plaintiffs first pursued service against Syria under 28 U.S.C. § 1608(a)(3), and then when unsuccessful, via diplomatic service pursuant to 1608(a)(4). ECF Nos. 11 & 4. Service was completed on Syria on September 20, 2018. ECF No. 20.

When attempting service on Iran, plaintiffs relied on the then-current Court Attorney's Manual for Service of Process on a Foreign Defendant, which stated that service attempts under

1608(a)(3) to Iran were frequently futile and thus service could be made directly under 1608(a)(4). Plaintiffs then sought service directly through diplomatic channels pursuant to 1608(a)(4). ECF No. 7. In response, the Department of State asked plaintiffs if there was a court directive for service under 1608(a)(4), and plaintiffs subsequently requested and received an order of the Court (Jackson J.) allowing plaintiffs to proceed with service under 1608(a)(4). ECF No. 9-2 at 1-2 & ECF No. 10. Service was completed on Iran on February 25, 2018. ECF No. 18.

The Clerk entered default against both defendants on January 16, 2019. ECF No.22.

In anticipation of filing their motion for default judgment against both defendants, plaintiffs sought leave with the court to file a memorandum in support of their motion for default judgment in excess of the 45 pages allowed under LCvR 7(e). ECF No. 29. In response, the Court (Jackson, J.) ordered plaintiffs to file a memorandum in support of default judgment in no more than 65 pages (not including declaration and attachments). Plaintiffs then filed a motion to bifurcate the liability and damages phases of the proceedings in order to avoid prejudice from the 65-page word limitation. ECF No. 30. On September 17, 2020, the Court (Jackson, J.) granted the motion for bifurcation.

On March 3, 2021, plaintiffs filed a motion for default judgment as to liability only against both Defendants Syria and Iran, with an accompanying memorandum of points and authorities in support of plaintiffs' motion for default judgment on liability addressing arguments relevant to personal jurisdiction, subject matter jurisdiction, and the standard for default judgment under the FSIA. ECF No. 37.

On June 23, 2021, United States Magistrate Judge G. Michael Harvey issued a Report and Recommendation recommending that plaintiffs' motion for default judgment as to liability be granted as to Syria but denied as to Iran for plaintiffs' court-sanctioned service of process methods

pursuant to 1608(a).  The Magistrate Judge's sole reason for recommending that plaintiffs' motion for default judgment on liability as to Iran be denied was due to the Magistrate's analysis that section 1608(a)'s service of process requirements are jurisdictional, and a plaintiff must attempt service under subsection (a)(3) before subsection (a)(4) in order to comply with section 1608(a).  ECF No. 40 at 11.  The Magistrate recognized that plaintiffs had received a Court order to serve Iran directly via 1608(a)(4), but determined that the court-sanctioned method was erroneous and fatal as to Iran.

Five days after the Magistrate's Report and Recommendation was filed, this case was reassigned to the Calendar Committee for oversight due to the elevation of the presiding judge, Judge Ketanji Brown Jackson, to the U.S. Court of Appeals for the D.C. Circuit.  On October 1, 2021, this case was directly reassigned to this Court (Pan, J.).

During this time, plaintiffs re-sought service against Iran first under 1608(a)(3) on August 10, 2021, which failed.  ECF No. 45.  On September 17, 2021, plaintiffs then requested service again under 1608(a)(4) through the U.S. Department of State's Office of the Legal Advisor.  ECF Nos. 47 & 48.

On February 16, 2022, plaintiffs filed a motion to adopt the Magistrate's recommendation to grant plaintiffs' motion for default judgment as to Syria's liability, and on March 8, 2022, this Court (Pan, J.) entered an order granting plaintiffs' motion.  ECF. Nos. 51 & 52.

On April 6, 2022, service on Defendant Iran was completed through diplomatic channels pursuant to 1608(a)(4).  ECF No. 57.  After Defendant Iran failed to enter an appearance, on June 7, 2022, the clerk entered default against Iran.  ECF No. 59.

Plaintiffs now seek to renew their motion for default judgment against Defendant Iran previously filed March 3, 2021.  The Magistrate's sole reason for denying plaintiffs' motion for

default judgment as to liability against Iran in his report and recommendation was the failure to serve Iran in compliance with section 1608(a).  Plaintiffs have now cured this error.

## CONCLUSION

For the reasons outlined above, plaintiffs respectfully renew their motion for default judgment as to liability against Defendant Iran.

Dated: June 10, 2022                                                                       Respectfully Submitted,

  /s/ Joshua M. Ambush
Joshua M. Ambush (Bar No. MD 27025)
Law Offices of Joshua M. Ambush, LLC
106 Old Court Road
Suite 303
Baltimore, Maryland 21208
Phone: (410) 484-2070
Facsimile: (410) 484-9330
Email: joshua@ambushlaw.com
*Counsel for Plaintiffs*