# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE ESTATE OF                      *
ANDREA S. PARHAMOVICH, *et. al.,*  *
    Plaintiffs,           *
                          *
    v.                    *          Case No.  1:17-CV-0061 (KBJ)
                          *
ISLAMIC REPUBLIC                   *
OF IRAN, *et al.,*                 *
                          *
    Defendants.           *

## EXPERT REPORT OF STEVEN A. WOLF

    I, Steven A. Wolf, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1

# TABLE OF CONTENTS

**INTRODUCTION** ................................................................................ **3**

**BACKGROUND INFORMATION** ........................................................ **4**

**SCOPE OF ANALYSIS** ........................................................................ **5**

**METHODOLOGY AND APPROACH** .................................................... **6**

    WORK LIFE EXPECTANCY .................................................................8
    SALARIES AND WAGES .....................................................................8
    MID-YEAR CONVENTION ..................................................................9
    GROWTH RATE................................................................................10
    FRINGE BENEFITS ...........................................................................10
    INCOME TAX RATE .........................................................................11
    PRESENT VALUE .............................................................................11
    PERSONAL CONSUMPTION AND MAINTENANCE .............................12
    MITIGATION AND COLLATERAL SOURCES OF INCOME ..................14

**ANALYSIS OF PLAINTIFFS ECONOMIC LOSS** ................................. **14**

**Steven A. Wolf, CPA, MBA, CFE, ABV/CFF, ASA**
    Curriculum Vitae                              Appendix A
    Documents Reviewed                   Appendix B

**LOSS ANALYSIS** ................................................... **SCHEDULES 1 AND 2**

## Introduction

1.     I, Steven A. Wolf, CPA, MBA, ABV, CFF, ASA have been retained by the Law Offices of Joshua M. Ambush, LLC ("Plaintiffs' counsel") on behalf of The Estate of Andrea S. Parhamovich ("Parhamovich or Andi") and her immediate family members ("Plaintiffs") as a result of her killing on January 17, 2007 in Baghdad, Iraq ("Terrorist Attack"), to calculate Plaintiffs' claims for loss of income. Specifically, I was asked to determine the present value dollar amount of her past and future income loss directly attributable to her premature death in the Terrorist Attack as compared to her planned or anticipated employment opportunities through her anticipated work-life if she had lived.

2.     I reserve the right to revise, modify, amend and/or supplement any conclusions or findings, if and when additional information becomes available or as otherwise appropriate. This report does not address non-economic losses and claims, such as pain and suffering, loss of consortium or solatium.

3.     Appendix **A** is my Rule 26 disclosure which includes my previous expert testimony for the past four years and publications for the past ten years. I have previously provided expert testimony regarding economic loss in similar terrorism cases, including specifically with respect to economic damages for victims in the Beirut Embassy Attacks, including *Doe v. Islamic Republic of Iran*, Civ. No. 08-0540 (D.D.C. May 9, 2013) (JMF) (JDB); *Dammarell v. Islamic Republic of Iran*, Civ. No. 01-2224, 2006 WL 2583043 (D.D.C. Sept. 7, 2006); and *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105 (D.D.C. 2005), among others. I also testified as an accounting and valuation expert witness regarding economic damages for the September 11th Victims Compensation

Fund of 2001 for Mr. Kenneth Feinberg, the Special Master of the Fund. In each of these cases, my opinions have been accepted and adopted, in their entirety, to form the exclusive basis for the economic damages awards from the respective courts.

4.      I am being compensated at the rate of $500 per hour.

## Background Information[1]

5.      The following summary is based on the allegations contained in Plaintiffs Complaint. Plaintiffs bring this action pursuant to the provisions of the Foreign Sovereign Immunities Act 28 U.S.C. Section 1602, *et seq*. hereinafter "the FSIA"). This case was filed on January 11, 2017 in the United States District Court for the District of Columbia (Case No. 1:17-cv-00061-KBJ).

6.      Plaintiffs, by and through their counsel, bring this action seeking economic damages arising out of the terrorist attack.  Andrea S. Parhamovich was a U.S. citizen employed by the National Democratic Institute ("NDI") at the time of her death. At all times relevant hereto, NDI's headquarters were located in Baghdad's "Green Zone" which was a heavily fortified zone in the center of Baghdad that was run by the Americans after the U.S. invasion of Iraq in 2003. NDI's mission was working to build democracy in Iraq.

7.      On the morning of January 17, 2007, Andi was tasked by NDI with traveling to the headquarters of the Iraqi Islamic Party ("IIP") for a meet-and-greet with party officials. At all times relevant hereto, the IIP Headquarters is located in the neighborhood of Yarmouk, which is located in the Mansour District of Baghdad, approximately a 20-minute drive outside of the Green Zone. After the meet-and-greet

---

[1] Background is largely based on the facts and allegations in the Complaint.

Andi and her guards prepared to leave the IIP fortified compound in an armored three-vehicle convoy. After they were about 150 to 300 meters from the IIP Headquarters, Andi's car came under attack with heavy machine gun gunfire, with armor piercing rounds. The vehicle was destroyed by a fuel tank explosion and Andi, her driver and a security guard were killed. The Islamic State of Iraq ("ISI") took responsibility for the attack killing Andi.

8.      Pursuant to the FSIA and related statues, defendants Syria and Iran are subject to suit in the courts of the United States of reach State Sponsor of Terrorism's material support of the ISI. Syria and Iran's material support for ISA, a/k/a al-Qaeda in Iraq and a/k/a the Mujahideen Shura Council caused the attempted abduction and extrajudicial killing of the late Andrea Parhamovich.

9.      Plaintiffs seek judgment against Defendants in this matter.

## Scope of Analysis

10.     I have been asked by Plaintiffs' counsel to estimate the present value of the economic losses, including lost earnings and benefits, for Ms. Parhamovich as a result of her wrongful death. The projected economic loss is presented in this report to reflect lost wages and benefits over the course of what would have been her expected lifetime employment earnings. I did not include the value of any post-retirement income or benefits.

11.     This report discusses the methodology employed and relies on her historical earnings history, education, employment record, economic statistics, and declaration certification of her mother Vicki L. Parhamovich, among other relevant sources.  My analysis considers the wage history during Ms. Parhamovich's career and

projects income and benefits over her expected work life span to calculate the present value of her lost income as of April 30, 2020.  I also used conservative financial and economic assumptions such that her employment status and income level would not change over the course of her life but only adjust for moderate inflation. For example, I did assume that she would work in another profession outside of public relations. I assumed that she would continue work until age 65 consistent with work life patterns in the United States at which time the majority of worker's normally retire.

12.     The methodology employed to calculate economic loss is the same as that used in both *Dammarell* and *Doe,* as well as in other similar terrorism-based cases arising from other attacks.  In each such case, the court accepted and adopted my methodology for calculating economic damages.  *See, e.g., Dammarell I*, 281 F. Supp. at 195; *Dammarell II*, 404 F. Supp. 2d at 299, *Doe II*, 943 F. Supp. 2d at 185.

13.     Applying this methodology, I calculated income loss primarily resulting from lost wages and lost employee fringe benefits as set forth in this report.  The extent of her losses extends beyond the period of the Attack and continues to accrue through her anticipated work life expectancy. The economic loss amounts presented herein are shown on a present value basis calculated as of April 30, 2020.  As a result, the economic loss amount includes more than approximately 13 years of compounded simple interest to determine the present value of her lost income since the date of the Attack was in 2007.

## Methodology and Approach

14.     The basic methodology used to calculate Ms. Parhamovich's economic loss was to quantify the projected income (e.g. wages and benefits) had the Terrorist Attack not occurred. The economic loss includes both past lost income from January

2007 through April 2020 and future lost income through her anticipated work life expectancy in 2043, Historical wage and benefit history, labor and economic statistics and representations of her family were considered to project income.

15.    After the loss period was determined based on her age, work experience and education at the time of the Attack, annual income was projected based on her earnings history and anticipated annual future income through her work life expectancy. It was noted that Ms. Parhamovich's income at the time of the Attack appears slightly less than her most recent work history but it is my understanding that she took this foreign work assignment to be with her fiancé and also gain more international experience. She intended to return to the United States. Due to her limited work history and plans to return to the United States in the future, I conservatively based her wages on previous employment prior to her assignment in Iraq. This is a reasonable assumption given her education, experience and plans for the future.

16.    For all periods prior to May 2020, it was necessary to calculate the current value, or "today's value" of lost income to accommodate for the impact of the time value of money.  Similarly, for periods after May 2020, it was necessary to discount the future lost income to present value to determine "today's value."  As a result, the value of all past and future lost income at "today's value" has been calculated as of approximately April 30, 2020 which closely coincides with the date of this report.

17.    To calculate the economic loss the following data was analyzed (**Appendix B**):[2]

---

[2]   Discussions with the Law Offices of Joshua M. Ambush, LLC were held to clarify the factual basis for her economic loss claim.

- Information concerning employment history, including income and benefits, as well as personal data (i.e., date of birth, level of education, marital status, race, gender, etc.) necessary to form reasonable assumptions regarding each individual's earnings growth rate, work life expectancy, and retirement plans.

- Statements of Earnings (W-2), employment verification correspondence, benefit summaries and other financial records available.

Some general assumptions were developed as follows:

**Work Life Expectancy**

18.     I have conservatively assumed that she would work full time until the end of the year when she would reach age sixty-five (65). Similarly, in the United States work life expectancy often mirrors the Social Security retirement eligibility age that ranges between 62 and 67.[3]  Accordingly, my work life assumptions are reasonably consistent with actual practice, and the same as the assumptions I used in the *Doe* and *Dammarell*.

**Salaries and Wages**

19.     I reviewed various documents provided by Plaintiffs' counsel to evaluate Ms. Parhamovich's lost income.  These documents include wage and earnings statements, employment history, sworn declaration of Vicki L. Parhamovich, newspaper articles and general employment correspondence.

20.     Wages that Ms. Parhamovich would have reasonably earned in the past from January 2007 through December 2043 "but for" her involvement in the Attack have

---

[3]  My estimates assume continuous employment and do not reflect statistical work life expectancy observed in the United States, which would account for potential absences from the work force due to illness, birth of a child, a leave of absence or the probability of death.

been projected, where applicable. Additionally, wages and benefits in the future from May 1, 2020 to the end her work life have been projected. It was necessary to consider and evaluate age, earning history, employment status, and wages at the time of the Attack, educational attainment and prospects for future employment. I did not include the value of any additional income or assets beyond projected salaries and wages (e.g. incentive stock options, etc.) that Ms. Parhamovich may have accrued during her life.[4]

21.     I conservatively assumed that she would remain in the same or a similar job using 2006 salary and wages history (adjusted for inflation) for her remaining work life.  The adjustment for inflation is consistent with annual salary increases observed in the United States based on U.S. Department of Labor, Bureau of Labor Statistics. This annual wage growth assumption might significantly understate her projected future earnings and resulting economic loss, since Ms. Parhamovich was killed in her late twenties while still developing her career.

22.     Wages earned in 2007 before her death were deducted from the loss calculation.

**Mid-Year Convention**

23.     To determine losses, a mid-year convention methodology was applied to calculate the present and future value of lost income as of April 30, 2020.  The mid-year convention methodology is customarily used and assumes that all wages and benefits are earned consistently throughout the year.

---

[4]  The estimates of loss presented do not reflect deductions for personal maintenance expenditures.

**Growth Rate**

24.     Future earnings growth is estimated to be 2.8% per year.  This rate represents the historical average annual rate of change in hourly earnings for workers in the private, non-farm sector of the economy from 1999 to 2019.[5] This rate is slightly above the U.S. Consumer Price Index ("CPI") average (rounded) of 2.19% for the same period from 1999 through 2019.[6]  During this period, the CPI ranged from -0.4% to 3.80%.

**Fringe Benefits**

25.     Fringe benefits represent a material component of an individual's past and future income stream.   These benefits were incorporated into my analysis and were estimated based on available statistics about the basic fringe benefits provide to employees. I used this data as a proxy to conservatively estimate what Ms. Parhamovich would likely have received during the remainder of her expected work life. According to a study conducted by the U.S. Department of Labor, Bureau of Labor Statistics, workers in the U.S. economy receive civilian employment benefits of approximately 31.4% of their base salary consisting of health insurance, retirement benefits, paid time off and other legally required benefits.  For purposes of my analysis I conservatively assumed that Ms. Parhamovich would receive employee benefits of 25% of projected wages during her employment within the private industry from 2007 through 2043.

---

[5]  U.S. Department of Labor, Bureau of Labor Statistics, http://www.bls.gov/data, Series ID: CEU0500000008.
[6] https://www.bls.gov/cpi/tables/historical-cpi-u-201709.pdf.

**Income Tax Rate**

26.     Federal and state taxes are calculated and deducted using Federal and State tax rates. In calculating Ms. Parhamovich's income taxes, I assume a combined effective tax rate of 26% through 2043 based on historical effective tax rates.

**Present Value**

27.     The present value reflects the economic value of past and future lost wages and benefits assuming they would be recovered at this time. An interest rate factor is intended to provide the Plaintiffs with an inflation adjustment that calculates the present value of past income as of April 30, 2020 by taking into account the value of money over time.  An annual interest rate factor of 2.74% was calculated and applied to each year's lost income from the time of her death through April 30, 2020.  This rate was based on the average annual U.S. 10-Year Treasury Bill rate from 2007 through 2019.

28.     Similarly, discounting future projected income is intended to provide the Plaintiffs with the present value of future income loss as of April 30, 2020, where applicable.  I applied an annual rate of discount at 3.43% to future losses from May 1, 2020 through the individual's work life expectancy through 2043.  This rate was calculated based on a twenty-year average of U.S. 10-Year Treasury Bill rates from 2000 through 2019 consistent with the interest rate factor applied herein. The annual rate of discount is based on a longer historical time period since future wages and benefits exceed twenty years through 2043.

29.     The U.S. Treasury Bill represents a "risk free" rate of return that is considered to have virtually no possibility of default.  The 10-Year Treasury Bill rate was selected because it represents a reasonable estimate of risk associated with future receipts

11

of income as a proxy for the rate of return Ms. Parhamovich could have earned on lost income.  As of April 2020, the 10-Year U.S. Treasury Bill rate was approximately 1.18%. Therefore, the average discount rate of 3.43% used to calculate the present value of future wages and benefits beyond April 2020 yield a more conservative economic loss value. This amount is below the average annual rate of return the Plaintiffs could have achieved during this period had they invested in marketable securities such as the Standard & Poor's 500 Index ("S&P") or the Dow Jones Industrial Average Composite Index ("Dow").

**Personal Consumption and Maintenance**

30.     Forensic analysts are interested in evaluating personal consumption costs whenever they analyze economic losses in a wrongful death or a survival action. The premise is that a certain portion of earnings in such cases would have been devoted to the purchase of goods and services that would have been used exclusively for the benefit of the deceased person. These personal consumption items include such things as food, clothing, transportation, medical care, personal care items, hobbies, entertainment, and any other item that would not benefit the survivors or give rise to asset accumulation in the estate. When determining the economic loss in such cases, the amount of personal consumption is generally deducted from the probable earnings of the deceased person.

31.     For purposes of calculating earnings loss in wrongful death matters, it is generally understood that personal maintenance expenses are intended to reflect the necessary costs of maintaining the decedent in the work force to earn the earnings that were lost. A reduction for personal maintenance is based on the necessary costs of

maintaining the decedent in the work force to earn the earnings that were lost. In contrast, a reduction for personal consumption subtracts all expenditures that would not have benefited survivors.

32.     Personal maintenance is a narrower concept than personal consumption because worker's expenditures on hobbies are not necessary to maintain the worker in the labor force, but does reduce the amount of income available to provide financial support. Under a personal maintenance standard, there would be no reduction for personal hobbies and entertainments even though these monies would not have been used to provide financial support for survivors.

33.     In my analysis, I reduce the estimate of lost earnings in order to reflect the expenditures which Ms. Parhamovich would have presumably incurred for her personal maintenance. Using data from the *2014-15 Consumer Expenditure Survey* (CEX), I deduct 50% from her annual earnings to reflect such cost of personal maintenance assuming a dual household since she was engaged and planned to soon marry and 25% assuming she had two children consistent with her mother's declaration.[7] These percentages reflect an average based on the data within the CEX and are used as a proxy to project Ms. Parhamovich's personal maintenance. The CEX data is the most current and comprehensive consumption data available at this time.  This data is available in the form of computer generated tables which set forth various consumer unit characteristics and expenditures in relation to the number of persons comprising the consumer unit and

---

[7] U.S. Department of Labor, Bureau of Labor Statistics, http://www.bls.gov/data, Series ID: CUUR0000SA0.

the income bracket of that consumer unit. I present Ms. Parhamovich's economic loss before and after consideration of personal maintenance.

**Mitigation and Collateral Sources of Income**

34.     I have not deducted income from collateral sources (e.g. life insurance proceeds and Social Security benefits) from my estimates of economic loss consistent with my prior expert reports in the *Dammarell*, *Doe* and *Owens* cases.  These reports generally did not include an analysis of potential mitigation from one-time death benefits, pension benefits or future recoveries based on the absence of reliable data, and consistent with the conservative approach taken in those calculations. It is my understanding that other courts deciding FSIA terrorism exception cases declined to consider this information because it was sporadic and speculative, and therefore did not need to be considered in calculating economic losses.

## Analysis of Plaintiffs Economic Loss

35.     At the time of the Attack in 2007, Ms. Parhamovich was 28.6 years old (born in 1978) and worked at the National Democratic Institute.  As a proxy to estimate a market value of Ms. Parhamovich's wages upon return to the United States, I assumed that her recent historical earnings experience would be a reliable benchmark. It was expected that Ms. Parhamovich planned to work for an additional thirty-six (36) years until reaching age 65 when she would separate from the work force in 2043.

14

**Projected Income**

36.      Ms. Parhamovich's projected income is based on her more recent employment history and wages before her death. This includes an $85,000 salary when she worked in the public relations department of Air America Radio in New York prior to her employment abroad. Similarly, Ms. Parhamovich earned an estimated salary abroad of approximately $78,000 based on her 2007 W-2 wage and income statement.[8]   For purposes of estimating her future wages I assumed that she would have returned to the United States in 2008 and earn wages equivalent to her previous employment as a public relations professional. Wages were increased each year thereafter based on a conservative wage growth assumption of 2.8% through the end of her work life expectancy.  By 2043, Ms. Parhamovich's assumed final year of employment, her annual salary is estimated to be approximately $223,449 (equivalent to $103,454 in 2020 dollars).   Employment benefits were estimated to be 25% of gross wages based on statistical data.

37.      I have also assumed that she married her fiancé in 2008 and have two children within the first five years of marriage. These assumptions reduce her personal maintenance expenditures from 50% to 25% beginning year six through year twenty-six of marriage (2032) when her children would have presumably been approximately twenty years old. Thereafter, Ms. Parhamovich's personal maintenance expenditures increase back to 50% as a dual household throughout her remaining work-life.

---

[8] The 2007 W-2 listed total earnings from National Democratic Institute of $6,489. Assuming her W-2 reflects one month's wages through January 2007 her annualized salary approximates $78,000.

**Total Loss**

38.     Using these calculations, Ms. Parhamovich's total economic loss including wages and benefits is approximately $4,126,000 before consideration of personal maintenance expenditures. See **Schedule 1** and **Schedule 1.1** for detailed calculations. Ms. Parhamovich's total economic loss after consideration of personal maintenance expenditures is approximately $2,238,000. See **Schedule 2** and **Schedule 2.1** for detailed calculations. These amounts reflect approximately thirty-six (36) years of after tax lost wages and employment benefits.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: June 5, 2020          Signature: _____

                                                          STEVEN A. WOLF

# APPENDIX A
## STEVEN A. WOLF, CPA, MBA, CFE, ABV/CFF, ASA
### *Curriculum Vitae*

**Professional Experience:**

2019 – Present: Wolf Forensics – Managing Director – Forensic Advisory Services

2014 – Present: Cherry Bekaert, LLP – Partner –Advisory Services

2009 – 2014: Capstone Advisory Group, LLC – Executive Director – Advisory Services

2008 – 2012: Georgetown University – Adjunct Professor - School of Business

1988 – 2008:  A Combination of Big Four Public Accounting and Boutique Advisory Firm experience concentrated in Accounting, Forensics, Bankruptcy/Restructuring, Business Valuation and Litigation Consulting

**Education**

- Master in Business Administration - Temple University Fox School of Business
- Bachelor of Science – Accounting  - Binghamton University School of Management

**Professional Licenses:**

- Certified Public Accountant (CPA)
  - FL – AC46910
  - MD – 0033539
  - PA  – CA030531R

**Professional Designations:**

- ASA - Accredited Senior Appraiser in Business Valuation (ASA)
- ACFE - Certified Fraud Examiner (CFE)
- AICPA Certified Financial Forensic (CFF)
- AICPA Accredited in Business Valuation (ABV)

**Expert Testimony – Past 4 Years**

- Santa Fe Surgery Center, LLC v. Sentinel Insurance Company Limited – deposed as an economic damages expert in connection with insureds business interruption claim, In the Circuit Court of the 5th Judicial Circuit, In and For Sumter County, Florida, Circuit Civil Division, Case No. 2018-CA-000223.

- Westgate Resorts, LTD., et al. v. Reed Hein & Associates, LLC d/b/a Timeshare Exit Team, et al. - deposed as an accounting and economic damages expert associated with a tortious interference matter, In the United States District Court, The Middle District of Florida, Orlando Division, Case No.: 6:18-cv-01088-GAP-DCI.

- Prado Enterprises, Inc. v. Scottsdale Insurance Company, deposed as an economic damages and accounting expert in connection with an alleged breach of contract matter, In the United States District Court, For the Middle District of Florida, Tampa Division,, Case No.: 8:18-CV-02574-MSS-CPT.

- Brickellhouse Condominium Association, Inc. v. Brickellhouse Holding LLC.; Harvey Hernandez; and Hartford Steam Boiler Inspection & Insurance Company; et al. – testified at trial as an accounting and economic damages expert in connection with an alleged breach of contract matter, In the Circuit Court of the Eleventh Judicial District, In and For Miami-Dade County, Florida, Case No. 16-001652-CA-01.

- Diversified Maintenance-RWS, LLC, formerly known as Rite Way Service, LLC v. LS1, LLC et al. – testified at Arbitration as an economic damages, GAAP and business valuation expert in connection with a disputed sales transaction involving alleged failure to provide adequate representations and warranties, JAMS Alternative Dispute Resolution Ref. No.  141007718.

- Gateway Radiology Consultants, P.A. v. Philips Medical Capital, LLC, Philips Healthcare, a division of Philips Electronics North America Corporation, et al. – deposed as an economic damages and business valuation expert in connection with an alleged breach of contract matter, In the Circuit Court of the Sixth Judicial Circuit, In and For Pinellas County, Florida, Case No.: 16-007936-CI.

- Diamond Resorts International, Inc. et al., v. Austin N. Aaronson and Austin Aaronson, PA – testified as an accounting and economic damages expert associated with a tortious interference and false advertising matter, In the United States District Court, The Middle District of Florida, Orlando Division,, Case No.: 6:17-cv1394-RBD-DCI.

- Brickellhouse Condominium Association, Inc. v. Brickellhouse Holding LLC.; Harvey Hernandez; and Hartford Steam Boiler Inspection & Insurance Company; et al. – deposed as an accounting and economic damages expert in connection with an alleged breach of contract matter, In the Circuit Court of the Eleventh Judicial District, In and For Miami-Dade County, Florida, Case No. 16-001652-CA-01.

- Orange Lake Country Club, Inc., and Wilson Resort Finance, LLC v. Reed Hein & Associates, LLC d/b/a Timeshare Exit Team, et al. - deposed as an accounting and economic damages expert associated with a tortious interference matter, In the United States District Court, The Middle District of Florida, Orlando Division, Case No.: 6:17-cv-01542-GAP-DCI.

- Westgate Resorts, LTD., et al. v. Mitchell Reed Sussman, individually, and Mitchell Reed Sussman & Associates -  deposed as an accounting and economic damages expert associated with a tortious interference matter, In the United States District Court, The Middle District of Florida, Orlando Division,, Case No.: 6:17-cv-1467-GKS-DCI.

- ATA Fishville Fl, LLC v. Westchester Surplus Lines Insurance Company – testified in Examination Under Oath as an accounting and economic damages expert associated with insured's insurance proof of loss claim, Claim No. KY17K2313300.

- Diamond Resorts International, Inc. et al., v. Austin N. Aaronson and Austin Aaronson, PA – Deposed as an accounting and economic damages expert associated with a tortious interference and false advertising matter, In the United States District Court, The Middle District of Florida, Orlando Division,, Case No.: 6:17-cv1394-RBD-DCI.

- Lawrence C. Weinstein, as Trustee and as Beneficiary of Lawrence C. Weinstein Revocable Trust v. Bernard Cap Holdings, LLC and Bernard Cap, LLC – testified at arbitration as an accounting expert associated with a disputed post-closing adjustment valuation, JAMS, Case No. 1460004372.

- Mohamed Shahid Delwar, S.K. Mohammed Allap and Selima Akter v. United Food Mart, Inc. and United Food Mart II, Inc. – testified at trial (second trial) as an economic damages and valuation expert stemming from shareholder dispute, In the Circuit Court of the 17th Judicial Circuit In and For Broward County, Florida, Case No.: 04-15100 (13).

- Vital Pharmacueticals, Inc. d/b/a VPX/Redline v. Professional Supplements, LLC et al. – deposed as an economic damages expert stemming from alleged usurpation of corporate authority, In the Circuit Court of the 17th Judicial Circuit In and For Broward County, Florida, Complex Litigation Unit, Case No.: CACE 12-07083(07)

- Elka Holdings, LLC v. Project Development Enterprise, LLC and Tanios Khalil – testified at trial and was deposed as an economic damages expert stemming from a partnership dispute, In the Circuit Court of the Eleventh Judicial Circuit In and For Miami Dade County, Florida, Civil Division, Case No. 13-2015-CA-029334-01.

- Vincent Ferrara v. Dina Marie Saponara-Ferrara and Joe Cole Plumbing, Corp. – testified at trial as an accounting and business valuation expert witness stemming from a marital estate dispute, In the Circuit Court of the Seventeenth Judicial Circuit, In and For Broward County, Florida, Case No.: FMCE-14-007680.

- Patrick Fiorentino v. Systemax Inc. and TigerDirect, Inc. – deposed twice as an economic damages expert, In the Circuit Court of the 11th Judicial District, In and For Miami-Dade County, Florida, Case No. 12-00519 CA 40.

- Roger Schlossberg, Chapter 7 Trustee v. Bell Builders Remodeling, Inc. et. al. - deposed as an accounting and valuation expert witness in an economic damages matter stemming from an

alleged alter ego action, In the Circuit Court for Montgomery County, Maryland, Case No. 413134-V.

- <u>Mohamed Shahid Delwar, S.K. Mohammed Allap and Selima Akter v. United Food Mart, Inc. and United Food Mart II, Inc</u>. – testified at trial (original) and deposed as an economic damages and valuation expert stemming from shareholder dispute, In the Circuit Court of the 17th Judicial Circuit In and For Broward County, Florida, Case No.: 04-15100 (13).
- <u>City of Atlanta v. Allianz Global Risks US Insurance Company</u> – deposed as an accounting and economic damages expert, In the United States District Court for the Northern District of Georgia, Atlanta Division, Case No: 1:13-cv-02249-ODE.
- <u>Unit Owner's Association of the Henry Condominium Association v. Fayette Street Condos, LLC, Westbrook Partners, LLC, et al.</u> – testified as an accounting and economic damages expert at mediation, In the United States District Court for the Eastern District of Virginia (Mediation).

**Publications – Past 10 years**

In the spring of 2010, Mr. Wolf co-authored an article with Matthew J. Schlesinger, Esq. titled, "The Effect of Dodd-Frank Reform on Whistleblower Activity for SEC Violations and Potential Avenues of Insurance Recovery" in the *Minority Corporate Counsel Association.*

In November 2012, Mr. Wolf co-authored an article with Orie Attas, CPA titled "When the Whistle Blows." in the *Minority Corporate Counsel Association, Mondaq.*

In November 2013, Mr. Wolf co-authored an article with Lon Berk, Esq. titled, "Do you Have a Superstorm Sandy Claim?" in *Risk Management* magazine.

In winter 2014 Edition of Case Matters eNews, Mr. Wolf co-authored an article with Matt Druckman, CPA titled, "Data Forensics in the Cloud."

In March 2018, Mr. Wolf authored an article titled "3 Important Checks That Could Keep Your M&A Transaction From Going Sideways" in *Daily Business Review*.

In July, 2018, Mr. Wolf authored an article titled "Prepare for the Aftermath of Hurricane Season" in Miami Herald, Business Monday.

# APPENDIX B, DOCUMENTS REVIEWED

**... Tax Statement**

**... for EMPLOYEE'S RECORDS (See notice on back of Copy 2)**

Dept. of the Treasury • Internal Revenue Service
This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

These substitute W-2 Wage and Tax Statements are acceptable for filing with your Federal, State and Local Income Tax Returns.
If you worked in multiple locations, or had several forms of special compensation, you may receive more than one of these documents.

All copies of your W-2 are on this page, separated by perforations. The white copies are for your tax return; the blue copy is for your records. General instructions for these forms, including an explanation of the letter codes used in box 12 are on the other side of the page.

| D. CONTROL NUMBER 9536 | This information is being furnished to the Internal Revenue Service | 2007 OMB NO. 1545-0008 | 1 WAGES, TIPS, OTHER COMPENSATION 6488.64 | 2 FEDERAL INCOME TAX WITHHELD 29.32 |
|---|---|---|---|---|
| B. EMPLOYER IDENTIFICATION NUMBER REDACTED | | A. EMPLOYEE'S SOCIAL SECURITY NUMBER REDACTED | 3 SOCIAL SECURITY WAGES 6488.64 | 4 SOCIAL SECURITY TAX WITHHELD 402.30 |
| C. EMPLOYER'S NAME, ADDRESS AND ZIP CODE NATIONAL DEMOCRATIC INSTITUTE 2030 M STREET, NW WASHINGTON DC 20036-3306 | | | 5 MEDICARE WAGES AND TIPS 6488.64 | 6 MEDICARE TAX WITHHELD 94.09 |
| | | | 7 SOCIAL SECURITY TIPS | 8 ALLOCATED TIPS |

13 Statutory Employee  Retirement Plan  Third-Party Sick Pay

| 9 ADVANCE EIC PAYMENT | 10 DEPENDENT CARE BENEFITS |
|---|---|
| E. EMPLOYEE'S FIRST NAME AND INITIAL   LAST NAME   SUFF. ANDREA S. PARHAMOVICH  REDACTED | 11 NONQUALIFIED PLANS |
| | 14 OTHER |

12 a-d  C   1.60

| F. EMPLOYEE'S ADDRESS AND ZIP CODE | | | | | |
|---|---|---|---|---|---|
| 15 STATE OH | EMPLOYER'S STATE I.D. NO. | 16 STATE WAGES, TIPS, ETC. 6488.64 | 17 STATE INCOME TAX | 18 LOCAL WAGES, TIPS, ETC. | 19 LOCAL INCOME TAX | 20 LOCALITY NAME |

FOLD AND TEAR ALONG PERFORATION

| D. CONTROL NUMBER 9536 | This information is being furnished to the Internal Revenue Service | OMB NO. 1545-0008 | 1 WAGES, TIPS, OTHER COMPENSATION 6488.64 | 2 FEDERAL INCOME TAX WITHHELD 29.32 |
|---|---|---|---|---|
| B. EMPLOYER IDENTIFICATION NUMBER REDACTED | | A. EMPLOYEE'S SOCIAL SECURITY NUMBER REDACTED | 3 SOCIAL SECURITY WAGES 6488.64 | 4 SOCIAL SECURITY TAX WITHHELD 402.30 |
| C. EMPLOYER'S NAME, ADDRESS, AND ZIP CODE NATIONAL DEMOCRATIC INSTITUTE 2030 M STREET, NW WASHINGTON DC 20036-3306 | | | 5 MEDICARE WAGES AND TIPS 6488.64 | 6 MEDICARE TAX WITHHELD 94.09 |
| | | | 7 SOCIAL SECURITY TIPS | 8 ALLOCATED TIPS |
| | | | 9 ADVANCE EIC PAYMENT | 10 DEPENDENT CARE BENEFITS |
| E. EMPLOYEE'S FIRST NAME AND INITIAL   LAST NAME   SUFF. ANDREA S. PARHAMOVICH  REDACTED | | | 11 NONQUALIFIED PLANS | 12 a-d C   1.60 |
| | | | 14 OTHER | |

13 Statutory Employee  Retirement Plan  Third-Party Sick Pay

| F. EMPLOYEE'S ADDRESS AND ZIP CODE | | | | | |
|---|---|---|---|---|---|
| 15 STATE OH | EMPLOYER'S STATE I.D. NO. | 16 STATE WAGES, TIPS, ETC. 6488.64 | 17 STATE INCOME TAX | 18 LOCAL WAGES, TIPS, ETC. | 19 LOCAL INCOME TAX | 20 LOCALITY NAME |

Copy 2   To be filed with Employee's  STATE, CITY or LOCAL tax return
FORM **W-2  Wage and Tax Statement**   2007

FOLD AND TEAR ALONG PERFORATION

| D. CONTROL NUMBER 9536 | This information is being furnished to the Internal Revenue Service | OMB NO. 1545-0008 | 1 WAGES, TIPS, OTHER COMPENSATION 6488.64 | 2 FEDERAL INCOME TAX WITHHELD 29.32 |
|---|---|---|---|---|
| B. EMPLOYER IDENTIFICATION NUMBER REDACTED | | A. EMPLOYEE'S SOCIAL SECURITY NUMBER REDACTED | 3 SOCIAL SECURITY WAGES 6488.64 | 4 SOCIAL SECURITY TAX WITHHELD 402.30 |
| C. EMPLOYER'S NAME, ADDRESS, AND ZIP CODE NATIONAL DEMOCRATIC INSTITUTE 2030 M STREET, NW WASHINGTON DC 20036-3306 | | | 5 MEDICARE WAGES AND TIPS 6488.64 | 6 MEDICARE TAX WITHHELD 94.09 |
| | | | 7 SOCIAL SECURITY TIPS | 8 ALLOCATED TIPS |
| | | | 9 ADVANCE EIC PAYMENT | 10 DEPENDENT CARE BENEFITS |
| E. EMPLOYEE'S FIRST NAME AND INITIAL   LAST NAME   SUFF. ANDREA S. PARHAMOVICH  REDACTED | | | 11 NONQUALIFIED PLANS | 12 a-d C   1.60 |
| | | | 14 OTHER | |

13 Statutory Employee  Retirement Plan  Third-Party Sick Pay

| F. EMPLOYEE'S ADDRESS AND ZIP CODE | | | | | |
|---|---|---|---|---|---|
| 15 STATE OH | EMPLOYER'S STATE I.D. NO. | 16 STATE WAGES, TIPS, ETC. 6488.64 | 17 STATE INCOME TAX | 18 LOCAL WAGES, TIPS, ETC. | 19 LOCAL INCOME TAX | 20 LOCALITY NAME |

Copy 2   To be filed with Employee's  STATE, CITY or LOCAL tax return
FORM **W-2  Wage and Tax Statement**   2007

FOLD AND TEAR ALONG PERFORATION

**Form 1099-R** | CORRECTED (if checked) | OMB No. 1545-0119 | 2007

| 1 Gross distribution | 2a Taxable amount | Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. |
|---|---|---|
| $ 3727.32 | $ 3727.32 | |
| 2b Taxable amount not determined | Total distribution | |

PAYER'S name, street address, city, state, and ZIP code

COMMONWEALTH OF MASSACHUSETTS
STATE BOARD OF RETIREMENT
ONE ASHBURTON PLACE, 12TH FLOOR
BOSTON, MA 02108-1607

| PAYER'S federal identification number | RECIPIENT'S identification number |
|---|---|
| REDACTED | REDACTED |

| 3 Capital gain (included in box 2a) | 4 Federal income tax withheld | 5 Employee contributions /Designated Roth contributions or insurance premiums |
|---|---|---|
| $ | $ 745.46 | $ |
| 6 Net unrealized appreciation in employer's securities | 7 Distribution code(s)  IRA/SEP/SIMPLE | 8 Other        % |
| $ | | $ |
| 9a Your percentage of total distribution | 9b Total employee contributions | |
| % | $ | |

RECIPIENTS name and street address (incl. apt. no.), city, state and ZIP code

ANDREA S PARHAMOVICH
C/O VICKI PARHAMOVICH
REDACTED

| Account number (see instruc.) | 1st year of desig. Roth contrib. | 10 State tax withheld |
|---|---|---|
| | | $ NON-TAXABLE |
| 11 State/Payer's state no.  MASS | | 12 State distribution $ |
| 13 Local tax withheld $ | 14 Name of locality | 15 Local distribution $ |

Copy 2
File this copy with your state, city, or local income tax return, when required.

Department of the Treasury - Internal Revenue Service

---

**Form 1099-R** | CORRECTED (if checked) | OMB No. 1545-0119 | 2007

| 1 Gross distribution | 2a Taxable amount | Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. |
|---|---|---|
| $ 3727.32 | $ 3727.32 | |
| 2b Taxable amount not determined | Total distribution | |

PAYER'S name, street address, city, state, and ZIP code

COMMONWEALTH OF MASSACHUSETTS
STATE BOARD OF RETIREMENT
ONE ASHBURTON PLACE, 12TH FLOOR
BOSTON, MA 02108-1607

| PAYER'S federal identification number | RECIPIENT'S identification number |
|---|---|
| REDACTED | REDACTED |

| 3 Capital gain (included in box 2a) | 4 Federal income tax withheld | 5 Employee contributions /Designated Roth contributions or insurance premiums |
|---|---|---|
| $ | $ 745.46 | $ |
| 6 Net unrealized appreciation in employer's securities | 7 Distribution code(s)  IRA/SEP/SIMPLE | 8 Other        % |
| $ | | $ |
| 9a Your percentage of total distribution | 9b Total employee contributions | |
| % | $ | |

RECIPIENTS name and street address (incl. apt. no.), city, state and ZIP code

ANDREA S PARHAMOVICH
C/O VICKI PARHAMOVICH
REDACTED

| Account number (see instruc.) | 1st year of desig. Roth contrib. | 10 State tax withheld |
|---|---|---|
| | | $ NON-TAXABLE |
| 11 State/Payer's state no.  MASS | | 12 State distribution $ |
| 13 Local tax withheld $ | 14 Name of locality | 15 Local distribution $ |

Copy 2
File this copy with your state, city, or local income tax return, when required.

Department of the Treasury - Internal Revenue Service

---

**Form 1099-R** | CORRECTED (if checked) | OMB No. 1545-0119 | 2007

| 1 Gross distribution | 2a Taxable amount | Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. |
|---|---|---|
| $ 3727.32 | $ 3727.32 | |
| 2b Taxable amount not determined | Total distribution | |

PAYER'S name, street address, city, state, and ZIP code

COMMONWEALTH OF MASSACHUSETTS
STATE BOARD OF RETIREMENT
ONE ASHBURTON PLACE, 12TH FLOOR
BOSTON, MA 02108-1607

| PAYER'S federal identification number | RECIPIENT'S identification number |
|---|---|
| REDACTED | REDACTED |

| 3 Capital gain (included in box 2a) | 4 Federal income tax withheld | 5 Employee contributions /Designated Roth contributions or insurance premiums |
|---|---|---|
| $ | $ 745.46 | $ |
| 6 Net unrealized appreciation in employer's securities | 7 Distribution code(s)  IRA/SEP/SIMPLE | 8 Other        % |
| $ | | $ |
| 9a Your percentage of total distribution | 9b Total employee contributions | |
| % | $ | |

RECIPIENTS name and street address (incl. apt. no.), city, state and ZIP code

ANDREA S PARHAMOVICH
C/O VICKI PARHAMOVICH
REDACTED

| Account number (see instruc.) | 1st year of desig. Roth contrib. | 10 State tax withheld |
|---|---|---|
| | | $ NON-TAXABLE |
| 11 State/Payer's state no.  MASS | | 12 State distribution $ |
| 13 Local tax withheld $ | 14 Name of locality | 15 Local distribution $ |

Copy C For Recipient's Records
(keep for your records)
This information is being furnished to the Internal Revenue Service.

Department of the Treasury
Internal Revenue Service

---

**Form 1099-R** | CORRECTED (if checked) | OMB No. 1545-0119 | 2007

| 1 Gross distribution | 2a Taxable amount | Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. |
|---|---|---|
| $ 3727.32 | $ 3727.32 | |
| 2b Taxable amount not determined | Total distribution | |

PAYER'S name, street address, city, state, and ZIP code

COMMONWEALTH OF MASSACHUSETTS
STATE BOARD OF RETIREMENT
ONE ASHBURTON PLACE, 12TH FLOOR
BOSTON, MA 02108-1607

| PAYER'S federal identification number | RECIPIENT'S identification number |
|---|---|
| REDACTED | REDACTED |

| 3 Capital gain (included in box 2a) | 4 Federal income tax withheld | 5 Employee contributions /Designated Roth contributions or insurance premiums |
|---|---|---|
| $ | $ 745.46 | $ |
| 6 Net unrealized appreciation in employer's securities | 7 Distribution code(s)  IRA/SEP/SIMPLE | 8 Other        % |
| $ | | $ |
| 9a Your percentage of total distribution | 9b Total employee contributions | |
| % | $ | |

RECIPIENTS name and street address (incl. apt. no.), city, state and ZIP code

ANDREA S PARHAMOVICH
C/O VICKI PARHAMOVICH
REDACTED

| Account number (see instruc.) | 1st year of desig. Roth contrib. | 10 State tax withheld |
|---|---|---|
| | | $ NON-TAXABLE |
| 11 State/Payer's state no.  MASS | | 12 State distribution $ |
| 13 Local tax withheld $ | 14 Name of locality | 15 Local distribution $ |

Copy B
Report this income on your federal tax return. If this form shows federal income tax withheld in Box 4, attach this copy to your return.
This information is being furnished to the Internal Revenue Service.

**U.S. DEPARTMENT OF LABOR**

**EMPLOYMENT STANDARDS ADMINISTRATION**
Office of Workers' Compensation Programs
Division of Longshore & Harbor Workers' Compensation
8866 Gulf Freeway, Suite 140
Houston, TX 77017-6528
(713) 943-1605

January 11, 2008

**NOTICE OF PERMANENT CASE FILE TRANSFER**

Case File Number:   REDACTED
Claimant Name:  Andrea S. Parhamovich
Date of Injury:  01/17/2007

Transfered to: U.S. Department of Labor/Houston, Texas
              Claims Examiner: Carolyn Salyer

Reason for Transfer: DBA Claim Transfer Per Industry Notice 122

The Estate of
Andrea S. Parhamovich
# REDACTED

Continental Casualty Company
C/O CNA International
333 South Wabash, 32S
Chicago, IL 60685

National Democratic Institute for Int'l Affairs
2030 M Street NW
Washington, DC 20036

NOTICE:  THIS WILL SERVE TO INFORM YOU THAT YOUR CASE RECORD UNDER THE LONGSHORE
AND HARBOR WORKERS' COMPENSATION ACT (AND ITS EXTENTIONS) HAS BEEN TRANSFERRED TO
THE DISTRICT OFFICE AT THE ADDRESS LISTED ABOVE.  ALL FUTURE CORRESPONDENCE
CONCERNING YOUR CASE SHOULD BE DIRECTED TO THAT OFFICE.

Authorized Signature: _____
                      BRADLEY SOSHEA, District Director

# SCHEDULES 1 - 2.1

**The Estate of Andrea S. Parhamovich, et al.**

**Schedule 1**
**(Present Value)**

## Andrea S. Parhamovich - Past Income

|   |   | 2007 | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 |
|---|---|------|------|------|------|------|------|------|------|------|------|
|   | Projected Wages | $ 78,000 | $ 85,000 | $ 87,380 | $ 89,827 | $ 92,342 | $ 94,927 | $ 97,585 | $ 100,318 | $ 103,127 | $ 106,014 |
|   | Projected Benefits | 19,500 | 21,250 | 21,845 | 22,457 | 23,085 | 23,732 | 24,396 | 25,079 | 25,782 | 26,504 |
| (A) | Total Wages and Benefits | 97,500 | 106,250 | 109,225 | 112,283 | 115,427 | 118,659 | 121,982 | 125,397 | 128,908 | 132,518 |
|   | Total Deductions |   |   |   |   |   |   |   |   |   |   |
| (B) | Mitigated Wages | 6,489 | - | - | - | - | - | - | - | - | - |
| (B) | Income tax | 20,280 | 22,100 | 22,719 | 23,355 | 24,009 | 24,681 | 25,372 | 26,083 | 26,813 | 27,564 |
| (A-B) | Net Projected Wages and Benefits | 70,731 | 84,150 | 86,506 | 88,928 | 91,418 | 93,978 | 96,609 | 99,315 | 102,095 | 104,954 |
|   | Total Loss Value @ April 30, 2020 | $ 99,612 | $ 115,349 | $ 115,417 | $ 115,484 | $ 115,552 | $ 115,619 | $ 115,687 | $ 115,754 | $ 115,822 | $ 115,890 |

Summary:

| | | |
|---|---|---|
| Total Loss (2007 - April 30, 2020) | $ | 1,527,508 |
| Total Loss (May 1, 2020 - December 2043) | $ | 2,598,751 |
| Total Loss | $ | 4,126,259 |

Assumptions:

| | |
|---|---|
| Wages Growth Rate | 2.80% |
| Discount Rate | 2.74% |
| Civilian Benefits % | 25% |
| Age at Time of Incident | 28.6 |
| Work Life Expectancy | 65 |

The Estate of Andrea S. Parhamovich, et al.

Schedule 1<br>(Present Value)

## Andrea S. Parhamovich - Past Income

|     |                                       | 2017 | | 2018 | | 2019 | | Jan-April 2020 | Total | |
|-----|---------------------------------------|------|--|------|--|------|--|----------------|-------|--|
|     | Projected Wages                       | $ | 108,983 | $ | 112,034 | $ | 115,171 | $ 39,465 | $ | 1,310,172 |
|     | Projected Benefits                    |   | 27,246 |   | 28,009 |   | 28,793 | 9,866 |   | 327,543 |
| (A) | Total Wages and Benefits              |   | 136,228 |   | 140,043 |   | 143,964 | 49,332 |   | 1,637,716 |
|     | Total Deductions                      |   |        |   |        |   |        |        |   |         |
| (B) | Mitigated Wages                       |   | -      |   | -      |   | -      | -      |   | 6,489   |
| (B) | Income tax                            |   | 28,335 |   | 29,129 |   | 29,944 | 10,261 | $ | 340,645 |
| (A-B) | Net Projected Wages and Benefits    |   | 107,893 |   | 110,914 |   | 114,019 | 39,071 |   | 1,290,582 |
|     | Total Loss Value @ April 30, 2020     | $ | 115,957 | $ | 116,025 | $ | 116,093 | $ 39,247 | $ | 1,527,508 |

**The Estate of Andrea S. Parhamovich et al.**

**Schedule 1.1**
**(Present Value)**

# Andrea S. Parhamovich - Future Income

| | | **May-Dec** | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | **2020** | **2021** | **2022** | **2023** | **2024** | **2025** | **2026** | **2027** |
| | Projected Future Wages | $ 78,931 | $ 121,711 | $ 125,119 | $ 128,622 | $ 132,224 | $ 135,926 | $ 139,732 | $ 143,644 |
| | Projected Civilian Benefits | 19,733 | 30,428 | 31,280 | 32,156 | 33,056 | 33,981 | 34,933 | 35,911 |
| (A) | Total Projected Future Income | 98,663 | 152,139 | 156,398 | 160,778 | 165,279 | 169,907 | 174,665 | 179,555 |
| | Total Deductions | | | | | | | | |
| (B) | Income tax | 20,522 | 31,645 | 32,531 | 33,442 | 34,378 | 35,341 | 36,330 | 37,347 |
| (A-B) | Net Projected Future Wages and Benefits | 78,141 | 120,494 | 123,868 | 127,336 | 130,901 | 134,567 | 138,334 | 142,208 |
| | **Total Loss Value @ April 30, 2020** | $ 77,268 | $ 117,155 | $ 116,441 | $ 115,732 | $ 115,027 | $ 114,326 | $ 113,630 | $ 112,938 |

| Assumptions: | |
|---|---|
| Wages Growth Rate | 2.80% |
| Discount Rate | 3.43% |
| Civilian Benefits % | 25% |
| Age at Time of Incident | 28.6 |
| Work Life Expectancy | 65 |

The Estate of Andrea S. Parhamovich et al.

## Andrea S. Parhamovich - Future Income

|  |  | 2028 | 2029 | 2030 | 2031 | 2032 | 2033 | 2034 | 2035 |
|---|---|---|---|---|---|---|---|---|---|
|  | Projected Future Wages | $ 147,666 | $ 151,801 | $ 156,051 | $ 160,421 | $ 164,913 | $ 169,530 | $ 174,277 | $ 179,157 |
|  | Projected Civilian Benefits | 36,917 | 37,950 | 39,013 | 40,105 | 41,228 | 42,383 | 43,569 | 44,789 |
| (A) | Total Projected Future Income | 184,583 | 189,751 | 195,064 | 200,526 | 206,141 | 211,913 | 217,846 | 223,946 |
|  | Total Deductions |  |  |  |  |  |  |  |  |
| (B) | Income tax | 38,393 | 39,468 | 40,573 | 41,709 | 42,877 | 44,078 | 45,312 | 46,581 |
| (A-B) | Net Projected Future Wages and Benefits | 146,190 | 150,283 | 154,491 | 158,817 | 163,263 | 167,835 | 172,534 | 177,365 |
|  | **Total Loss Value @ April 30, 2020** | $ 112,250 | $ 111,566 | $ 110,886 | $ 110,211 | $ 109,540 | $ 108,873 | $ 108,209 | $ 107,550 |

The Estate of Andrea S. Parhamovich et al.

Schedule 1.1<br>(Present Value)

## Andrea S. Parhamovich - Future Income

|  |  | 2036 | 2037 | 2038 | 2039 | 2040 | 2041 | 2042 | 2043 | Total |
|---|---|---|---|---|---|---|---|---|---|---|
|  | Projected Future Wages | $ 184,173 | $ 189,330 | $ 194,631 | $ 200,081 | $ 205,683 | $ 211,442 | $ 217,363 | $ 223,449 | $ 3,735,233 |
|  | Projected Civilian Benefits | 46,043 | 47,332 | 48,658 | 50,020 | 51,421 | 52,861 | 54,341 | 55,862 | 933,808 |
| (A) | Total Projected Future Income | 230,216 | 236,662 | 243,289 | 250,101 | 257,104 | 264,303 | 271,703 | 279,311 | 4,669,042 |
|  | **Total Deductions** |  |  |  |  |  |  |  |  |  |
| (B) | Income tax | 47,885 | 49,226 | 50,604 | 52,021 | 53,478 | 54,975 | 56,514 | 58,097 | 971,161 |
| (A-B) | Net Projected Future Wages and Benefits | 182,331 | 187,437 | 192,685 | 198,080 | 203,626 | 209,328 | 215,189 | 221,214 | 3,697,881 |
|  | **Total Loss Value @ April 30, 2020** | $ 106,895 | $ 106,244 | $ 105,597 | $ 104,954 | $ 104,314 | $ 103,679 | $ 103,048 | $ 102,420 | $ 2,598,751 |

**The Estate of Andrea S. Parhamovich, et al.**

**Schedule 2**
**(Present Value)**

## Andrea S. Parhamovich - Past Income

|  |  | 2007 | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  | Projected Wages | $ 78,000 | $ 85,000 | $ 87,380 | $ 89,827 | $ 92,342 | $ 94,927 | $ 97,585 | $ 100,318 | $ 103,127 | $ 106,014 |
|  | Projected Benefits | 19,500 | 21,250 | 21,845 | 22,457 | 23,085 | 23,732 | 24,396 | 25,079 | 25,782 | 26,504 |
| (A) | Total Wages and Benefits | 97,500 | 106,250 | 109,225 | 112,283 | 115,427 | 118,659 | 121,982 | 125,397 | 128,908 | 132,518 |
|  | less: Personal Maintenance | 48,750 | 53,125 | 54,613 | 56,142 | 57,714 | 59,330 | 30,495 | 31,349 | 32,227 | 33,129 |
|  | Wages and Benefits after Personal Maintenance | 48,750 | 53,125 | 54,613 | 56,142 | 57,714 | 59,330 | 91,486 | 94,048 | 96,681 | 99,388 |
|  | Total Deductions |  |  |  |  |  |  |  |  |  |  |
| (B) | Mitigated Wages | 6,489 | - | - | - | - | - | - | - | - | - |
| (B) | Income tax | 20,280 | 22,100 | 22,719 | 23,355 | 24,009 | 24,681 | 25,372 | 26,083 | 26,813 | 27,564 |
| (A-B) | Net Projected Wages and Benefits | 21,981 | 31,025 | 31,894 | 32,787 | 33,705 | 34,648 | 66,114 | 67,965 | 69,868 | 71,825 |
|  | **Total Loss Value @ April 30, 2020** | $ 30,956 | $ 42,528 | $ 42,553 | $ 42,578 | $ 42,602 | $ 42,627 | $ 79,169 | $ 79,216 | $ 79,262 | $ 79,308 |

Summary:

| Total Loss (2007 - April 30, 2020) | $ | 825,860 |
|---|---|---|
| Total Loss (May 1, 2020 - December 2043) | $ | 1,411,714 |
| **Total Loss** | **$** | **2,237,574** |

Assumptions:

| Wages Growth Rate | 2.80% |
|---|---|
| Discount Rate | 2.74% |
| Civilian Benefits % | 25% |
| Age at Time of Incident | 28.6 |
| Work Life Expectancy | 65 |

The Estate of Andrea S. Parhamovich, et al.

Schedule 2<br>(Present Value)

## Andrea S. Parhamovich - Past Income

| | | 2017 | 2018 | 2019 | Jan-April 2020 | Total |
|---|---|---|---|---|---|---|
| | Projected Wages | $ 108,983 | $ 112,034 | $ 115,171 | $ 39,465 | $ 1,310,172 |
| | Projected Benefits | 27,246 | 28,009 | 28,793 | 9,866 | 327,543 |
| (A) | Total Wages and Benefits | 136,228 | 140,043 | 143,964 | 49,332 | 1,637,716 |
| | less: Personal Maintenance | 34,057 | 35,011 | 35,991 | 12,333 | 574,265 |
| | Wages and Benefits after Personal Maintenance | 102,171 | 105,032 | 107,973 | 36,999 | 1,063,451 |
| | Total Deductions | | | | | |
| (B) | Mitigated Wages | - | - | - | - | 6,489 |
| (B) | Income tax | 28,335 | 29,129 | 29,944 | 10,261 | $ 340,645 |
| (A-B) | Net Projected Wages and Benefits | 73,836 | 75,903 | 78,028 | 26,738 | 716,317 |
| | Total Loss Value @ April 30, 2020 | $ 79,355 | $ 79,401 | $ 79,447 | $ 26,858 | $ 825,860 |

The Estate of Andrea S. Parhamovich et al.

Schedule 2.1<br>(Present Value)

## Andrea S. Parhamovich - Future Income

**May-Dec**

| | | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 | 2027 |
|---|---|---|---|---|---|---|---|---|---|
| | Projected Future Wages | $ 78,931 | $ 121,711 | $ 125,119 | $ 128,622 | $ 132,224 | $ 135,926 | $ 139,732 | $ 143,644 |
| | Projected Civilian Benefits | 19,733 | 30,428 | 31,280 | 32,156 | 33,056 | 33,981 | 34,933 | 35,911 |
| (A) | Total Wages and Benefits | 98,663 | 152,139 | 156,398 | 160,778 | 165,279 | 169,907 | 174,665 | 179,555 |
| | less: Personal Maintenance | 24,666 | 38,035 | 39,100 | 40,194 | 41,320 | 42,477 | 43,666 | 44,889 |
| | Wages and Benefits after Personal Maintenance | 73,997 | 114,104 | 117,299 | 120,583 | 123,960 | 127,430 | 130,998 | 134,666 |
| (B) | Income tax | 20,522 | 31,645 | 32,531 | 33,442 | 34,378 | 35,341 | 36,330 | 37,347 |
| (A-B) | Net Projected Future Wages and Benefits | 53,475 | 82,459 | 84,768 | 87,141 | 89,581 | 92,090 | 94,668 | 97,319 |
| | **Total Loss Value @ April 30, 2020** | $ 52,878 | $ 80,174 | $ 79,686 | $ 79,200 | $ 78,718 | $ 78,238 | $ 77,762 | $ 77,288 |

Assumptions:
| | |
|---|---|
| Wages Growth Rate | 2.80% |
| Discount Rate | 3.43% |
| Civilian Benefits % | 25% |
| Age at Time of Incident | 28.6 |
| Work Life Expectancy | 65 |

The Estate of Andrea S. Parhamovich et al.

Schedule 2.1<br>(Present Value)

## Andrea S. Parhamovich - Future Income

|  |  | 2028 | 2029 | 2030 | 2031 | 2032 | 2033 | 2034 | 2035 |
|---|---|---|---|---|---|---|---|---|---|
|  | Projected Future Wages | $ 147,666 | $ 151,801 | $ 156,051 | $ 160,421 | $ 164,913 | $ 169,530 | $ 174,277 | $ 179,157 |
|  | Projected Civilian Benefits | 36,917 | 37,950 | 39,013 | 40,105 | 41,228 | 42,383 | 43,569 | 44,789 |
| (A) | Total Wages and Benefits | 184,583 | 189,751 | 195,064 | 200,526 | 206,141 | 211,913 | 217,846 | 223,946 |
|  | less: Personal Maintenance | 46,146 | 47,438 | 48,766 | 50,131 | 51,535 | 105,956 | 108,923 | 111,973 |
|  | Wages and Benefits after Personal Maintenance | 138,437 | 142,313 | 146,298 | 150,394 | 154,606 | 105,956 | 108,923 | 111,973 |
| (B) | Income tax | 38,393 | 39,468 | 40,573 | 41,709 | 42,877 | 44,078 | 45,312 | 46,581 |
| (A-B) | Net Projected Future Wages and Benefits | 100,044 | 102,845 | 105,725 | 108,685 | 111,728 | 61,878 | 63,611 | 65,392 |
|  | **Total Loss Value @ April 30, 2020** | $ 76,817 | $ 76,349 | $ 75,884 | $ 75,422 | $ 74,963 | $ 40,140 | $ 39,895 | $ 39,652 |

Page 2

**The Estate of Andrea S. Parhamovich et al.**

Schedule 2.1
(Present Value)

## Andrea S. Parhamovich - Future Income

|  |  | 2036 | 2037 | 2038 | 2039 | 2040 | 2041 | 2042 | 2043 | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | Projected Future Wages | $ 184,173 | $ 189,330 | $ 194,631 | $ 200,081 | $ 205,683 | $ 211,442 | $ 217,363 | $ 223,449 | $ 3,735,233 |
| | Projected Civilian Benefits | 46,043 | 47,332 | 48,658 | 50,020 | 51,421 | 52,861 | 54,341 | 55,862 | 933,808 |
| (A) | Total Wages and Benefits | 230,216 | 236,662 | 243,289 | 250,101 | 257,104 | 264,303 | 271,703 | 279,311 | 4,669,042 |
| | less: Personal Maintenance | 115,108 | 118,331 | 121,644 | 125,051 | 128,552 | 132,151 | 135,852 | 139,655 | 1,901,559 |
| | Wages and Benefits after Personal Maintenance | 115,108 | 118,331 | 121,644 | 125,051 | 128,552 | 132,151 | 135,852 | 139,655 | 3,018,284 |
| (B) | Income tax | 47,885 | 49,226 | 50,604 | 52,021 | 53,478 | 54,975 | 56,514 | 58,097 | 971,161 |
| (A-B) | Net Projected Future Wages and Benefits | 67,223 | 69,105 | 71,040 | 73,030 | 75,074 | 77,176 | 79,337 | 81,559 | 3,697,881 |
| | Total Loss Value @ April 30, 2020 | $ 39,411 | $ 39,171 | $ 38,932 | $ 38,695 | $ 38,459 | $ 38,225 | $ 37,992 | $ 37,761 | $ 1,411,714 |